(No. 35596.—

LOTTEN NELSON *et al.,* Appellees, *vs.* THE CITY OF ROCK-FORD, Appellant.

*Opinion filed May 20, 1960.*

WILLIAM E. COLLINS, of Rockford, for appellant.

WELSH & WELSH, and NELSON & NELSON, both of Rockford, (JOHN HOLMSTROM, JR., and KEITH HYZER, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is a declaratory judgment action brought to determine the constitutionality of the zoning ordinance of the city of Rockford as applied to three vacant lots owned by the plaintiffs. From a judgment declaring the ordinance invalid as so applied, but limiting the use of the property to that specifically proposed by the plaintiffs, the defendant city appeals directly to this court and the plaintiffs cross-appeal. We have jurisdiction because the case involves a construction of the due process clauses of the State and Federal constitutions. Ill. Rev. Stat. 1959, chap. 110, par. 75.

The lots in question are zoned "B" Residential, a classi- ˙ fication which permits single and two-family dwellings and institutional uses such as schools, churches and museums. Before this action was commenced the plaintiffs had applied to the zoning board for an amendment changing the classification to local business. After a hearing the zoning board of appeals recommended to the city council

that the requested change be made. The city council, however, refused to amend the ordinance. This action was then commenced.

The property in question consists of three vacant lots on the southwest corner of Twenty-fourth Street and Charles Street in the city of Rockford. The lots have approximately 150-feet frontage on each street. Charles Street, also known as Illinois Route No. 5, is a heavily travelled diagonal thoroughfare that runs in a northwest-southeast direction. There is evidence that some 14,000 vehicles per day travel Charles Street. Twenty-fourth Street joins Charles Street from the south and ends there. It carries relatively little traffic.

The plaintiffs have owned these lots since 1913. No new residences have been constructed on Charles Street in over 30 years, while many industrial and commercial buildings have been constructed there. All of the property to the west, from Eighteenth Street to Twenty-third Street, on both sides of Charles Street, is zoned for industrial use, and is used for industrial or commercial purposes. In the block to the east of the plaintiffs' property there is one house fronting on Charles Street, 150 feet from plaintiffs' lots. East of that house is East Rockford High School. The west line of the high school premises is about 300 feet east of Twenty-fourth Street. Across Charles Street from the high school, and about 400 feet east of plaintiffs' property there is a row of four-family, single-story apartments. On the north side of Charles Street, directly across from the subject lots, is the electric substation of a public utility. Superstructures on this property are equipped with lights which illuminate the tract at night.

Real-estate appraisers testified as to the value of the premises as now zoned, and their estimates ranged from $8,400 to $10,500. If the property was zoned for "Local Business" to permit the drive-in restaurant which the plain-

tiffs propose to erect, the opinions as to value ran as high as $31,500.

In our opinion the trial court properly held that plaintiffs' property is characterized for zoning purposes by the predominantly industrial and commercial character of the other property fronting on Charles Street in the area, and that the ordinance was unreasonable in so far as it restricted the use of the property to single-family and two-family residences.

While the plaintiffs complaint stated their desire to utilize the property for such uses as are permitted in local business districts, it also alleged their purpose to "construct a drive-in restaurant which would include one building for the preparation and service of food and articles incidental thereto." Frank Patton, a witness for the plaintiffs, testified that he had an option on the property conditioned on its being rezoned, and that if it should be rezoned for local business uses he proposed to erect "a McDonald system drive-in establishment identical in every way to the one on North Main Street." Photographs of the North Main Street drive-in, and a plat showing the improvements to be made on the subject property were offered in evidence by the plaintiffs. Over objection the witness Patton testified as to the location of shrubbery to be planted in connection with the proposed drive-in.

The judgment found the existing zoning unconstitutional, and continued: "The Court, under and by virtue of the Declaratory Judgment Act, * * * has the power to designate and define the use to which plaintiffs' lots may be put and to restrict and restrain the plaintiffs * * * from using said premises for any purpose other than that prescribed." It provided that the plaintiffs may erect a drive-in establishment in substantial conformity with the plaintiffs exhibits, which were attached to the judgment and incorporated in it by reference, and it restrained the

plaintiffs from "using said premises or building thereon" any structures not in substantial conformity with the exhibits. It also directed the officials of the city to issue forthwith all necessary building permits.

Both parties object to the form of the judgment, and it is obviously too sweeping in some particulars. The basic error seems to flow from the court's misconception of the purpose of a declaratory judgment, which is reflected in the portion of the judgment quoted above. No one had requested the issuance of building permits, and it was premature to direct their issuance. Similarly, there was no occasion for the entry of an order restraining the plaintiffs from using the premises for any purpose permissible under the existing zoning. This portion of the decree made the property unusable if the option was not exercised.

But we are of the opinion that the judgment was correct insofar as it set aside the zoning ordinance only to the extent necessary to permit the specific use that the plaintiffs proposed. The basic considerations that have moved us to this conclusion are set forth in *Sinclair Pipe Line Co.* v. *Village of Richton Park, ante,* p. 370, and need not be repeated here. In this case the plaintiffs' proof with respect to the fitness of the property for uses other than those permitted under the existing ordinance centered entirely upon the specific use with which the judgment concerned itself. Having induced the entry of a judgment upon that basis, the plaintiffs can not object to a judgment framed to meet the proof adduced at the trial.

It follows that the judgment of the circuit court must be reversed and the cause remanded with directions to enter a decree in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*