(No. 44741.

WILLIAM SCHULTZ *et al.,* Appellees, v. THE VILLAGE OF LISLE, Appellant.

*Opinion filed Oct. 2, 1972.—Rehearing denied Nov. 29, 1972.*

DAVIS, J., took no part.

RICHARD J. HILL and JOHNSON & HILL, of Geneva, for appellant.

LEONARD BOSGRAF, of Chicago, for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

Plaintiffs are owners of four adjoining lots located on the northeast corner of the intersection of Route 53, a north-south highway, and Burlington Avenue, an east-west street, in Lisle, Illinois. They filed a declaratory judgment action in the circuit court of Du Page County against the Village of Lisle praying that its zoning ordinance be declared void and ineffective to prevent plaintiffs from developing their property for an automobile service station, that the Village be restrained from interfering with the development of the property for this use, and that on the filing of proper applications the Village be ordered to issue the necessary permits. The trial court granted plaintiffs the relief sought. The appellate court affirmed (4 Ill.App.3d 427) and we granted the Village's petition for leave to appeal.

The zoning ordinance of the Village of Lisle provides for six classifications: (1) "A" Residence districts, permitting single family dwellings, libraries, schools, parks, churches, etc., (2) "B" Residence districts, permitting two family dwellings, private clubs, greenhouses, institutions, and hospitals, (3) "C" Residence districts permitting multiple family residences, lodging and boarding houses and apartment hotels, (4) Community Business districts, permitting a wide range of business activities but not including gasoline service stations, (5) Commercial Business districts, permitting more intensive business uses

including gasoline service stations, and (6) Light Manufacturing districts. Plaintiffs' property is located in a district zoned "A" Residence district, which is the most restrictive classification. They filed an application with the Village for rezoning the property to a Commercial Business classification which permits the construction of gasoline service stations. This classification is next to the least restrictive classification of the ordinance. Following a hearing, the zoning board of appeals recommended to the Village board that the application be denied. Thereafter the Village board denied the plaintiff's application for the rezoning of its property.

This case does not present the usual zoning question in the customary manner. In many zoning cases the application for rezoning has previously been denied and the court is presented with the question of whether the existing zoning classification is arbitrary, unreasonable and oppressive as applied to the subject property and whether it is reasonably related to the public health, safety, and morals. The burden is on the plaintiff to establish these elements as against the presumption of the validity of the zoning ordinance. However, in this case in the trial court witnesses for the Village admitted that the proper classification of the property is not for single-family residences. They stated the property should retain a residential classification but should be classified for multiple family dwellings. The appellate court, referring to these admissions in the evidence of the Village, stated that plaintiffs had met their burden of proving the invalidity of the existing zoning ordinance as applied to their property. The court held that in addition to establishing the invalidity of the zoning ordinance the plaintiffs also have the burden of showing that their proposed use of the property is reasonable. The appellate court reviewed the evidence relating to the reasonableness of the proposed use as a service station and concluded that plaintiffs had sustained their burden of proving this use to be reasonable and held

that the finding of the trial court to this effect was not against the manifest weight of the evidence.

In this case we need not reach the question of the validity of the zoning ordinance generally as it relates to plaintiffs' property. The declaratory relief sought is that the ordinance is void insofar as it prohibits the proposed use of the property for a gasoline service station. This court has held that it is appropriate to frame the decree with reference to the record before it, and the zoning ordinance may be set aside only to the extent necessary to permit the specific use proposed. *Nelson v. City of Rockford, 19 Ill.2d 410; Sinclair Pipeline Co. v. Village of Richton Park, 19 Ill.2d 370; Illinois National Bank and Trust Co. of Rockford v. County of Winnebago, 19 Ill.2d 487.*

Although the undisputed testimony may indicate that the proper classification of plaintiffs' property is either "B" Residence or "C" Residence rather than "A" Residence, we need not decide whether the zoning ordinance as it relates to plaintiffs' property is for this reason invalid because none of these three classifications permit the use of property for a gasoline service station. The question which was presented to the trial court and which is before this court is the reasonableness of permitting the requested use of plaintiffs' property. In testing the validity of the zoning ordinance in this case we are only concerned with the validity of the ordinance insofar as it prohibits this proposed use. The general rules, of course, apply, in that the person attacking the ordinance must prove by clear and convincing evidence that the zoning ordinance is, as to him, arbitrary and unreasonable and without substantial relation to public health, safety, morals, or welfare. *Gore v. City of Carlinville, 9 Ill.2d 296; Atkins v. County of Cook, 18 Ill.2d 287; Hartung v. Village of Skokie, 22 Ill.2d 485; Columbus Park Congregation of Jehovah's Witnesses, Inc. v. Board of Appeals, 25 Ill.2d 65.*

The evidence discloses that the entire block in which

the property in question is located is residential, as is the entire block to the west on the west side of Route 53. The block to the southwest of the property diagonally across the intersection of Route 53 and Burlington Avenue fronting on the south side of Burlington Avenue is also residential, though not single-family. Directly across Burlington Avenue to the south of the subject property is a restaurant and lounge. There are several other businesses in that block on the south side of Burlington Avenue as well as a few residences. These lots extend south from Burlington Avenue to the Chicago, Burlington and Quincy Railroad tracks behind them. The testimony was that this block derives its commercial characteristics from this fact. The block is zoned Community Business, which classification does not permit the use of property as a gasoline service station. In fact no property within the natural boundaries of the area in question is zoned for a use as a gasoline service station. If the requested amendment were granted, a new and foreign use of property would be introduced into this section of the Village of Lisle.

Shaping the order of the court to the facts of the particular case (*Sinclair Pipeline; Nelson; Illinois National Bank and Trust Company of Rockford*), we hold that the prohibiting of the use of plaintiffs' property for a gasoline service station is reasonably related to the public health, safety, morals, and welfare of the community. The plaintiffs have not proved that this prohibition as to their property is arbitrary or capricious. The judgments of the appellate court and of the circuit court of Du Page County are reversed.

*Judgments reversed.*

MR. JUSTICE DAVIS took no part in the consideration or decision of this case.