MOBIL OIL CORP., APPELLEE, *v.* CITY OF ROCKY RIVER ET AL., APPELLANTS.

24

(No. 73-95—Decided April 10, 1974.)

26

*Messrs. Calfee, Halter & Griswold, Mr. Brian M. Eisenberg* and *Mr. Robert J. Amsdell,* for appellee.

*Messrs. Kelley, McCann & Livingstone, Mr. Walter C. Kelley, Mr. Stephen M. O'Bryan* and *Mr. Frank H. Lord,* director of law, for appellants.

STERN, J. The basic question raised here concerns the proper formulation of the issue that is presented to a trial court in an appeal, pursuant to R. C. Chapter 2506, which challenges the constitutionality of a zoning ordinance as applied. Our decision in *State, ex rel. Sibarco Corp.,* v. *City of Berea* (1966), 7 Ohio St. 2d 85, 218 N. E. 2d 428, made it clear that zoning restrictions may be constitutionally questioned by a landowner who appeals an adverse administrative decision to the Court of Common Pleas. It is not fatal to such an appeal that the constitutional claim was not initially argued before the administrative officer or board, for the issue of constitutionality can never be *administratively* determined. Nor is it fatal that the adverse decision appealed from was non-discretionary or ministerial, since it is the validity of the underlying ordinance, insofar as it has compelled that administrative decision, which is being challenged.

In the present case, appellee's appeal stems from the denial of the requisite building permit. The building commissioner exercised no discretion in refusing appellee's request; his action was mandated by the zoning ordinance under which he operated. The Rocky River Board of Zoning and Building Appeals was, likewise, without power to vary the strict letter of that ordinance. Its consequent decision, which effectively upheld the building commissioner's action, involved no discretionary judgment. Thus, although any allegation by appellee in the Common Pleas Court of abuse of discretion was unfounded, appellee was entitled to challenge the constitutionality of the zoning ordinance as it had been applied to its property.

The trial court and the Court of Appeals had divergent views as to the correct formulation of the issue involv-

ed. The former believed that the zoning ordinance could only be struck down if its proscription of a *gasoline service station* was found unconstitutional, while the latter believed the ordinance would be invalid if its *single-family use restriction* on appellee's property was not reasonably related to the public health, safety or welfare. The Court of Appeals thus viewed appellee's proposed use, *i. e.,* a gasoline service station, as being a matter of *relief only,* and essentially irrelevant to the constitutional issue involved.

Both parties have drawn our attention to a number of analogous Illinois cases. Since the Illinois courts do handle a prodigious amount of zoning litigation, a review of their approach will be helpful.

In *Sinclair Pipe Line Co.* v. *Village of Richton Park* (1960), 19 Ill. 2d 370, 167 N. E. 2d 406, the Supreme Court of Illinois discussed what relief would be appropriate in a declaratory judgment action, once a litigant had successfully demonstrated the unconstitutionality of the zoning restrictions on his land. The court, at page 378, observed:

" * * * Normally the land owner is interested particularly in a specific use which he proposes, and so it is natural that he will try the case and the judge will reach his decision in terms of the reasonableness of excluding that specific use."

With that in mind, the court went on to criticize the potential results of a judgment that merely declared the existent zoning invalid, thereby leaving the property "unzoned," stating:

" * * * two equally undesirable consequences may ensue * * * The municipality may rezone the property to another use classification that still excludes the one proposed, thus making litigation necessary as to the validity of the new classification * * * [or] a decree which was induced by evidence which depicted a proposed use in a highly favorable light would not restrict the property owner to that use, and he might thereafter use the property for an entirely different purpose."

The court then concluded that, to avoid those difficulties, a trial court should frame its decree in terms of the

record before it, and the use contemplated by the land-owner.

Appellee has cited a number of Illinois decisions which apply the *Sinclair* rationale to fact patterns unlike the one before us. However, *Shultz* v. *Village of Lisle* (1972), 53 Ill. 2d 39, 289 N. E. 2d 614, involved facts that are striking-ly similar to those presented by the instant controversy. There, plaintiffs sought a declaration that the local zoning ordinance, as applied to their property, was null and void. Their prayer for relief asked the court to order issuance of a permit to construct a gasoline service station. At trial the village admitted that the single-family use restriction on the property was not proper, but argued that neither was plaintiffs' proposed use. The trial court first held the zoning restriction to be unconstitutional, then found the plaintiffs' proposed use reasonable and granted the re-quested relief. This judgment was affirmed on appeal, but was reversed by the Illinois Supreme Court as being a misapplication of *Sinclair, supra.* The court made clear that plaintiffs' proposed use was integrally related to a determination of constitutionality of the zoning ordin-ance:

At pages 42, 43, the court said:

"* * * In testing the validity of the zoning ordinance in this case we are only concerned with the validity of the ordinance *insofar as it prohibits this proposed use.*

"* * * *

"Shaping the order of the court to the facts of the particular case * * * we hold that the prohibiting of the use of plaintiffs' property for a gasoline service station is rea-sonably related to the public health, safety, morals and welfare * * *." (Emphasis added.)

The rationale employed by the Illinois Supreme Court in *Shultz* is compelling, although we note that all Illinois cases either cited by appellee, or discussed above, involved actions for declaratory judgments. The difference between such actions, and the one now before us, is that an appeal from the denial of a building permit, pursuant to R. C. Chapter 2506, *necessarily* involves some *particular* use which has been denied a landowner. In such an administra-

tive appeal, where a landowner attacks the constitutionality of a zoning ordinance as applied, the words "as applied" have a specific connotation; i. e., as applied to prevent the landowner from using his property in the way in which he has requested. This approach is wholly consonant with sound judicial practice, which requires that constitutional issues be as precisely and narrowly framed as possible.

Appellee wishes to construct a gasoline service station on land zoned for single-family residential use. The city of Rocky River, as noted by the trial court, is zoned into nine use districts.[1] The inclusion of specified uses in each district also indicates a legislative judgment to ex- clude other uses. It is the constitutionality of the legis- lative decision, as embodied in Rocky River's zoning ordi- nance, to exclude gasoline service stations from appellee's property that is here in question. Thus, the issue should be framed: "Whether the Rocky River zoning ordi- nance, insofar as it prohibits appellee from constructing a gasoline service station on the subject parcel, has any rea- sonable relationship to the legitimate exercise of police. power by the municipality.'"[2]

After a careful reading of the trial court's opinion, we believe due consideration was given to appellee's consti- tutional attack. In phrasing the issue, the trial court said, "Is the failure of the Council of the City of Rocky River to zone the subject property so that a gasoline service station

[1]Chapter 1141—Single Family Resident District
Chapter 1143—Two-Family Resident District
Chapter 1144—Golden Age District
Chapter 1145—Attached Single-Family District
Chapter 1147—Apartment District
Chapter 1149—Local Retail District
Chapter 1151—General Retail District (includes gasoline service stations)
Chapter 1153—Light Industry District.

[2]There are various claims usually made when a litigant challenges the constitutionality of a zoning ordinance as applied. Assertions like "no reasonable relationship to the public health, safety or welfare," "confiscatory," or "unreasonable" are often used interchangeably, or lumped together in a shotgun approach. The result is a confusing lack of precision. See Michael H. Feiler, Zoning: A Guide to Judicial Review, 47 J. of Urb. Law 319 (1969-1970).

may be constructed thereon * * * [unconstitutional]?'' The Court of Appeals construed these words to mean that the trial court was reviewing the February 15, 1971, action of Rocky River City Council.

While it is true that legislative action cannot be appealed under R. C. 2506.01. (*Tuber* v. *Perkins* [1966], 6 Ohio St. 2d 155, 216 N. E. 2d 877), we disagree with the Court of Appeals' characterization of the trial court's language. It is curious that the trial court used the word ''zone'' rather than ''rezone'' in its above-quoted statement. If the intended reference had been to city council's action, the word ''rezone'' would have been far more appropriate. In addition, contrary to the Court of Appeals' statement in its opinion, the trial court did not base its judgment upon a holding that ''it had no jurisdiction to review legislative actions of municipalities.'' The trial court fully considered appellee's claim, and concluded:

'' * * * The wisdom of whether the comprehensive zoning ordinance of Rocky River should permit the installation of a gasoline service station at the southeast corner at Spencer and Center Ridge Road is, at most, under the facts presented herein, a fairly debatable one and it cannot be seriously contended here that its action [that of the zoning ordinance] was so arbitrary, confiscatory and unreasonable so as to be in violation of constitutional rights.''

We conclude that the trial court correctly, albeit unartfully, framed the issue. Any constitutional assault on a zoning ordinance implicitly questions legislative judgment. This best explains why the trial court spoke in terms of failure of Rocky River City Council to zone appellee's property to permit a gasoline service station.

We conclude further that the trial court's judgment is sufficiently supported by the evidence.

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE and W. BROWN, JJ., concur.

CORRIGAN and P. BROWN, JJ., concur in the judgment.

CORRIGAN, J. (concurring in judgment). In my opinion, the judgment of the Court of Appeals should be reversed, but, before proceeding to the facts in this case, we must keep several fundamental zoning principles in mind.

First, a variance in connection with zoning is an exception, in an individual case, to the strict rule or literal enforcement of zoning provisions. A variance is intended to permit amelioration of the strict letter of the law in individual cases. Variances always relate to individual hardships peculiar to the property for which a variance is sought. *The granting or denial of a variance is an administrative or quasi-judicial decision which is appealable to the Court of Common Pleas under R. C. Chapter 2506.*

Second, zoning, per se, is exclusively a legislative matter, and the changing of a parcel of real property from one use classification to another use classification can only be done by the legislative body. This legislative authority may not be delegated by the legislative body to a board. *A decision in regard to a request for a use classification change, from one use to another, is legislative, not administrative, and therefore may not be appealed to the Court of Common Pleas under R. C. Chapter 2506.*

As stated in 8 McQuillin, Municipal Corporations (3 Ed.), Section 25.160:

"Variances, exceptions, and similar mechanisms of the zoning laws are intended to permit amelioration of the strict letter of the law in individual cases They are designed to afford a protective device against individual hardships, to provide relief against unnecessary and unjust invasions of the right of private property, to provide a flexibility of procedure necessary to the protection of constitutional rights, and to keep the law 'running on an even keel.' Variances are to be authorized or permitted by zoning boards of adjustment, review or appeals when they are warranted or demanded by a state of facts. Each case of a variance or administrative exception in the nature thereof depends on its own facts. The provisions of the law relating to variances are intended to deal with unique situations and are to be employed only under exceptional circumstances, frequently as a matter of grace within admin-

istrative discretion, usually subject to a standard or rule established by the zoning ordinance. But variances are not to be allowed as corrections of errors of judgment in zoning laws. Nor are they to be regarded or to be given effect as amending zoning ordinances, rezoning, or changing the zoning scheme in essentials. They are not to be used to permit buildings, businesses or uses prohibited by ordinance; they are not authorization for zoning violations. The power to permit variances is not power to alter characteristics of zoning districts, at least where the latter power is conferred only upon the city legislative body. * * *''

This case began on March 2, 1971, when appellee, Mobil Oil Corporation, made application for a building permit and certificate of occupancy for a gasoline service station at the southeast corner of Center Ridge and Spencer roads in the city of Rocky River.

The application was denied on March 3, 1971, by the building commissioner of the city of Rocky River, for the following reason:

''The location of your proposed improvement is in a 'Single Family Use District' and would require a 'use' change which must be requested from the planning and zoning committee of city council, chaired by Mr. Dean Berry.''

After communication by letter between appellee and the building commissioner, appellee filed with the board of zoning and building appeals on April 5, 1971, a ''Notice of Request for a Variance from Zoning Ordinance.'' In that document, appellee requested ''* * * variances from provisions restricting property to single family residential usage'' for the parcel which is the subject of this appeal. Arguments for variance were then set out by appellee therein.

The board of zoning and building appeals met on April 8, 1971, and it was pointed out to appellee by a member of the board that Section 1127.04 of the Rocky River ordinances, which outlines the powers and duties of the board, prohibits the board from granting variances in regard to ''use.'' It was also pointed out to appellee that, on Febru-

ary 15, 1971, council had refused to rezone this parcel.

According to the minutes of the board's meeting, the attorney for appellee then stated that he wanted the board to hear testimony by appellee that there is a hardship for the owner of the property, and that it wanted a zoning use classification change. The board refused to hear arguments requesting changes in zoning. The board was correct in such action. If a hardship existed, as claimed by appellee's attorney, and a zoning use change was necessary to alleviate appellee's situation, then such an action for change was clearly a function of city council, the performance of which function is outside the board's authority. Ordinance 1127.-04 of the Rocky River ordinances forbids the board to grant variances with relation to ''use.''

The Court of Appeals erred in entering final judgment for appellee and directing the building commissioner to issue a building permit. For the reasons stated above, I would reverse.

PAUL W. BROWN, J., concurring in the judgment. If the majority is correct in concluding from this record that the Rocky River Board of Building and Zoning Appeals was without power to grant the variance requested, then an appeal under R. C. Chapter 2506 was inappropriate. See *Kaufman* v. *Newburgh Heights* (1971), 26 Ohio St. 2d 217.

A nondiscretionary or ministerial order cannot be the basis of an appeal under R. C. Chapter 2506. *Zangerle* v. *Evatt* (1942), 139 Ohio St. 563, states, in paragraph one of the syllabus, that the revisory jurisdiction of the proceedings of administrative officers, authorized by Section 2 of Article IV of the Ohio Constitution, contemplates quasi-judicial proceedings only. Similarly, only if the grant of authority to a zoning board of appeals, made pursuant to R. C. 713.11, contemplates quasi-judicial proceedings, may determinations of that board be appealed under R. C. Chapter 2506.

It should also be noted that the scope of inquiry of the Court of Common Pleas when engaged in a hearing arising out of an appeal from an administrative order under R. C.

Chapter 2506 is limited by the nature of the application. Here, that application was for a permit to build a gasoline station upon a parcel of real property situated in an area zoned exclusively for single-family residential use and was based upon allegations of hardship. Under those circumstances, the granting of a use variance for a parcel of real property does not disturb the general applicability of the ordinance to other properties in the same area. The request for a use variance is addressed to the agency to which the legislative authority has been delegated which can function only within that grant.

Since the overall constitutionality of the zoning ordinance could not have been administratively determined, a declaration of the ordinance's unconstitutionality in the appeal to the trial court would have been particularly inappropriate. The fact is that the trial court made no such declaration.

The majority opinion also misinterprets the holding of *State, ex rel. Sibarco Corp.,* v. *Berea* (1966), 7 Ohio St. 2d 85. That case does not hold that applications to a city council or its subcommittee for the rezoning of a parcel of real property and then to the board of zoning appeals for a use variance are formalities which, when denied, give the Court of Common Pleas the authority to hear an appeal under R. C. Chapter 2506 and to grant relief which the administrative board was not empowered to consider.

Since the merits of the property owner's request for permission to erect its gasoline service station were tried without objection and were, to my thinking, properly disposed of by the trial court, I concur in this judgment solely for reasons of judicial economy.