CHARLES C. SCHMIDT *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF DARIEN, Defendant-Appellee.

(No. 73-251; )

Second District (1st Division)—September 2, 1975.

*Rehearing denied September 26, 1975.*

Edward Van de Houten, of Glen Ellyn, for appellants.

Barbara Caruso and F. Willis Caruso, both of La Grange, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

In this appeal the owners and developers of a 10.98 acre tract located in the City of Darien challenge the validity of the city zoning ordinance which restricted their property to residential use. The plaintiffs sought to invalidate the zoning ordinance as applied to the subject property and to permit its development for a commercial use, and appeal from the denial of declaratory relief. The proposed use included an Eagle discount food store covering approximately 28,500 square feet, a convenience center of smaller stores covering approximately 31,600 square feet, a savings and loan association covering 5,000 square feet, and the reservation of an acre of land for future expansion for stores or offices, together with parking.

The subject property is the southern half of a vacant lot in the R-2 zone (single-family residential district) in the City of Darien. It is bounded on the south by Plainfield Road, on the north by the balance of an approximately 22-acre total tract of which it is a part, and on the

west by five lots improved with single-family residences. The houses on four of the lots face west with their backyards bounding the subject property; on the remaining lot the house faces south and fronts on Plainfield Road. The eastern boundary of the subject property is bounded in the northerly half by Clarendon Hills Road and in the southerly half by a gas station and a site on which a Commonwealth Edison electric transformer had been located.[1]

The subject property fronts approximately 220 feet on Clarendon Hills Road and approximately 581 feet on Plainfield Road. It surrounds two lots near the intersection of Clarendon Hills Road and Plainfield Road. A gas station is on the corner lot and next to the gas station to the west is the Commonwealth Edison property. The zoning for the filling station was obtained from the County of Du Page prior to the annexation of the property to the City of Darien. Both of the surrounded lots were non-conforming uses at the time of the annexation and the passage of the Darien zoning ordinance.

Plainfield Road to the south of the subject property is a county highway that extends from Will County on the west through Du Page County and the Village of LaGrange in Cook County on the east. On the south side of Plainfield Road beginning at the south west corner of the intersection of Plainfield Road and Clarendon Hills Road the first 230 feet extending west from said corner is improved with a single-family residence, the next 200 feet is vacant, and the next 200 feet is improved with a single-family residence. The next 200 feet is in the Village of Willowbrook and is zoned and improved with a high density multiple-family project. The commercial uses in Darien are approximately three-quarters of a mile to the west.

The testimony offered by the plaintiffs established that the Schmidts, the owners of the property, had entered into a contract for the sale of the property with the plaintiff Osadjan and that Osadjan and Yale Development Company were to be the joint developers of the property. The president of the development company testified that he was a senior member of the National Association of Independent Fee Appraisers and gave his opinion that the best use for the subject property was commercial. He based his opinion on the presence of the gas station and the transformer next to the property and the fact that Plainfield Road and Clarendon Hills Road were both substantially traveled, 100-foot right-of-

---

[1] Defendant in this court has filed a motion to amend its answer to the complaint in which it had admitted that the Commonwealth Edison transformer was located adjacent to the subject property, to reflect that the transformer had subsequently been torn down. We have taken the motion and the objections to the motion with the case.

way thoroughfares and the further fact that the shopping center included plans for screening against the residential property located on the western boundary.

The president and managing officer of the proposed savings and loan association testified to Darien's need for the facilities because at that time in Darien there were no savings and loan associations. He said that other potential sites in the city were objectionable.

A real estate analyst for the Eagle food stores, which would be the supermarket in the proposed shopping center, testified with reference to his study of the area. He concluded that the neighborhood would be a good site for a supermarket because of the substantial population in the vicinity and the good access roads.

A realtor in the area testified that in his opinion the subject property was unfit for residential use and was better suited for commercial development because of the gas station, the transformer, the need in the area for a shopping center, and because of the traffic patterns in the area. He said that the presence of the shopping center would not depreciate the value of homes located on the western boundary.

A traffic engineer concluded that there would be no detrimental effect upon public safety. The city planning and zoning consultant testified that the best use for the subject property would be the proposed shopping center and that it would not "unduly adversely effect" the surrounding properties but would be compatible with the area. He also based his conclusion on the fact that the gas station and transformer were located adjacent to the property, the need for the services that would be provided, and the extra revenue it would bring to the community. He said that the proposed fencing to the west of the project would adequately screen the residences from the shopping center and that the vacant lot to the north could be developed into a transitional type development to separate the residences to the north from the shopping center.

The plaintiff also offered testimony of a real estate broker and appraiser who also concluded that the highest and best use would be for the proposed development and that this would only offer minimal depreciation to surrounding properties if proper screening were erected. It was his opinion that the property as presently zoned was worth $80,000 but for the proposed commercial development it would be worth $400,000. He stated that the land was not desirable for single-family residence use because of the busy streets and the other commercial uses in the area. Finally, the developer Osadjan testified that other land available in Darian for development of a shopping center was either tied up in estate litigation or was too small.

Charles Schmidt, one of the plaintiffs, was called as an adverse witness by the defendant and testified that he sold the property on which the gas station was located about 10 years before and the property on which Commonwealth Edison located its transformer about 15 years before.

Defendants offered the testimony of several homeowners in the area who stated that the value of their homes would depreciate if the shopping center were allowed to be built, and who testified to various flooding problems which would be caused by the building of the parking lot in connection with the project. It was stipulated that there were at least nine other residents in the court room who, if called to testify, would corroborate this testimony.

The building inspector for Darien testified to the availability of vacant stores in Darien. A city planning consultant for Darien, who had done the land use survey and prepared an interim land use plan and who had also helped prepare the zoning map for the City of Darien, testified. It was his opinion that the community should provide approximately 3% to 4% of its land for commercial establishments. He stated that Darien had 6½% of its land now devoted to that purpose.[2] He concluded that the proposed shopping center would not only be an accumulation of services but would be detrimental to the single-family residences in the area. He admitted that Darien had not officially adopted a comprehensive community plan.

The defendants also called a real estate appraiser who gave his opinion that there were adequate supermarkets already located and established in Darien, that the best use of the property would be a planned unit residential development, and that the gas station and transformer site were nonconforming uses in an area zoned residential.

Upon the evidence presented, the trial judge entered a decree in which he adjudged that the zoning ordinances and classifications as applied to the subject property were constitutional, valid, and a reasonable exercise of the legislative power of the City of Darien.

Plaintiffs contend that the single-family zoning ordinance classification is invalid because the character of the area is incompatible with single-family use, because other property in the area is being used for other than single-family residences, and because the proposed shopping center will increase the value of the property very substantially and

[2] In a post-trial motion the plaintiffs alleged in an affidavit that subsequent to the last day of the trial of the case the City of Darien issued various permits to construct commercial buildings which were in derogation of the city's comprehensive plan and contrary to the testimony of its witnesses and alleging discriminatory treatment. The post-trial motion was denied.

will promote, rather than adversely effect, the public health, safety and welfare. They also contend that the shopping center will not depreciate the surrounding properties because of the already present diverse uses in the area and that the subject property in its present condition is undesirable for single-family use.

The defendants respond that the plaintiffs have failed to overcome the presumption of the validity of the zoning ordinance, and have failed to show any defect in the present zoning. They contend that the shopping center would be the first commercial encroachment into a residential area in Darien.

The law applicable to challenges to zoning classification has been repeatedly stated and we will not state it in general terms. (See, e.g., La Salle National Bank v. City of Evanston (1974), 57 Ill.2d 415, 428-29.) This court has previously noted that the application of the traditional tests is, in a large part, comparative. Kraegel v. Village of Wood Dale (1973), 10 Ill.App.3d 486, 491.

Before our inquiry into the application of the traditional zoning tests we must first consider plaintiffs' argument that suggests that this is not the usual zoning case because one of the appraisal witnesses for the defendant testified that the highest and best use of the subject property was for a low density planned unit residential development, a different classification than the existing single-family use.

It is true that in cases in which the municipality has admitted that the existing classification is invalid, the challenging parties are discharged from their duty to prove the invalidity of the existing ordinance. The persons attacking the respective ordinances were still required to prove by a clear and convincing evidence, however, that the zoning ordinance was as to them arbitrary and unreasonable. But in testing the validity of the ordinance the courts were concerned only with the validity of the ordinance insofar as it prohibited the proposed use. See Schultz v. Village of Lisle (1972), 53 Ill.2d 39, 42. See also First National Bank v. Village of Morton Grove (1973), 12 Ill.App.3d 589, 595-96.

In both the Schultz and the First National Bank cases there was undisputed testimony that the property sought to be rezoned was improperly classified under the existing zoning ordinance and the respective trial courts so found. Thus, the reviewing courts concluded that this satisfied one part of the burden of proof, that is, the burden of overcoming the presumption of the validity of the ordinance.

In this case there is only the suggestion in the testimony of one of the defendant's witnesses that the property would be best suited for a low-density residential use as opposed to the present restriction of the property to single-family residential development. This did not amount, in

our view, to an admission that the property was improperly zoned. Moreover, the trial judge found from all the testimony that the present zoning ordinance was constitutional and valid.

However, whether we apply the *Schultz* variant or the traditional zoning standards, including the presumption of the validity of the present zoning ordinance, the judgment of the trial court was correct in our view.

Except for the multiple-family development located directly south of the property on the south side of Plainfield Road and except for the Commonwealth Edison property and the gas station located adjacent to the property on the southwest corner, the property is completely surrounded by an area zoned and used for single-family dwellings. A zoning ordinance restricting the use of property to single-family residential is not invalid because there are commercial uses near or even adjoining the property. (See *Zenith Radio Corp. v. Village of Mount Prospect* (1973), 15 Ill.App.3d 587, 594.) An overwhelming amount of the adjacent property is residential in character, and the subject property is more properly characterized by the residential property than it is by the nonconforming commercial uses in the area.[3]

The fact that Plainfield Road and Clarendon Hills Road would be excellent access roads for the shopping center because of the intensity of traffic upon them is not a substantial factor that militates against the residential restriction under the total circumstances here. On both sides of Plainfield Road and Clarendon Hills Road in the area in which plaintiffs' property is located there are no commercial uses except for the gas station and the Commonwealth Edison nonconforming uses. The streets are not commercial arteries in the sense that they provide access to businesses in the immediate location of plaintiffs' property. No doubt the property is worth a great deal more for commercial use, but this is generally the case when commercial use is balanced against residential use in an area and is not in itself a controlling factor. (See, *e.g., Jackson v. County of Du Page* (1973), 10 Ill.App.3d 497, 500.) There is evidence that the proposed use will have some damaging effect on residential values in the area although the testimony on this factor is conflicting. There is also a conflict as to the need for the proposed use in the area.

On the whole record we conclude that the prohibition of the use of plaintiffs' property for the shopping center is reasonably related to the public health, safety, morals and welfare of the community. The plaintiffs have not proved that this prohibition is arbitrary or capricious, nor

---

[3] Defendants point out that section 1.4.6 of the zoning ordinance of Darien admitted in evidence in the case provides that all nonconforming uses will be eliminated according to an amortization schedule included in the ordinance.

that the declaratory judgment is against the manifest weight of the evidence. If, in addition, the presumption as to the validity of the zoning ordinance is placed in the balance, as it is in traditional zoning cases, the plaintiffs have clearly not overcome the presumption of the validity of the existing zoning ordinance.

Reference to the facts of other cases is not always helpful in reviewing zoning issues and the decision in each case must depend on the sum total of the particular facts of that case. (*First National Bank and Trust Co. v. County of Cook* (1958), 15 Ill.2d 26, 31.) Plaintiffs have placed considerable reliance on *La Salle National Bank v. Village of Harwood Heights* (1971), 2 Ill.App.3d 1040. However, in *Harwood Heights* the entire block across the street from the subject property consisted of retail stores and the neighborhood did not have the established residential character as present in the instant case. In addition, the issue of the manifest weight of the evidence separates the present situation from that in *Harwood Heights*. The trial judge in *Harwood Heights*, in considering the conflicting evidence, found that the zoning ordinance was unreasonable and the appellate court affirmed. In our case the trial court found the ordinance to be reasonable. Thus the issue of the manifest weight of the evidence presents our case in a different posture. Likewise, in *Gable v. Village of Hinsdale* (1967), 87 Ill.App.2d 123, also cited by the plaintiffs, we find the facts inapposite and again note that the trial court's decision was affirmed as not being against the manifest weight of the evidence. Also, in *Beaver v. Village of Bolingbrook* (1973), 12 Ill.App.3d 923, the trial court's finding was held not to be contrary to the manifest weight of the evidence. The cases of *Hutson v. County of Cook* (1974), 17 Ill.App.3d 195; *First National Bank v. City of Springfield* (1974), 22 Ill.App.3d 22, and *Tomasek v. City of Des Plaines* (1975), 26 Ill.App.3d 586, are all clearly distinguishable from this case on their facts.

Defendant's motion to amend the pleadings to show that the Commonwealth Edison property is now vacant does not now become a material matter. Moreover, there is no testimony in the record that would support the fact that the transformer has actually been removed or, if gone, answer whether or not it is to be rebuilt. We conclude that the motion does not meet the standards of Supreme Court Rule 362 (Ill. Rev. Stat. 1973, ch. 110A, par. 362), and we therefore deny the motion.

For the reasons we have stated the judgment of the circuit court is affirmed.

Affirmed.

GUILD and HALLETT, JJ., concur.