BETTY KERN JOHNSTON, Plaintiff-Appellant, *v.* THE CITY OF GENEVA, Defendant-Appellee.

Second District (1st Division)   No. 74-250

Opinion filed April 29, 1976.—Modified upon denial of rehearing June 4, 1976.

Gates W. Clancy, of Geneva, for appellant.

Johnson & Marshall, of Wheaton, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court as modified upon denial of petition for rehearing:

The plaintiff herein brought a declaratory judgment action seeking to declare the City of Geneva's zoning ordinance unconstitutional as applied to her property. She further contended that the City Council's action in denying her petition for rezoning of her property from R-3 Multiple-family Residential to B-1 Business classification was voidable because five members of the City Council attended a meeting to hear objections to plaintiff's petition in the absence of the plaintiff, in violation of the Open Meetings Act (Ill. Rev. Stat. 1973, ch. 102, par. 41 *et seq.*). The trial court in a bench trial denied the prayer for declaratory judgment and the plaintiff appeals.

It is common knowledge that the area west of the Fox River in the City of Geneva extends through a coterie of specialty shops immediately to a fine residential area of beautifully maintained older homes.

Plaintiff's property is located at the northwest corner of James and Fifth streets, one block south of State Street, the main business street in Geneva. With the exception of the southerly portion of the blocks from Fourth to Seventh streets, the entire seven-block area south of State Street is zoned B-1 or B-4 Business. This is best illustrated by the following map indicating the existing zoning:

PLAINTIFF'S PROPERTY

| RESIDENTIAL | | BUSINESS | | MANUFACTURING | |
|---|---|---|---|---|---|
| R-1 | | B-1 | | M-1 | |
| P.U.D. | | B-2 | | M-2 | |
| R-2 | | B-3 | | M-3 | |
| R-3 | M D | B-4 | | TRANSPORTATION | |
| R-4 | | | | | |

REVISED    MAR. 1974

Plaintiff's premises, located in this area, is presently zoned R-3 Multiple-family Residential and is used as plaintiff's residence. Plaintiff sought to construct a one-story addition to the present two-story house which would have approximately a 5-foot setback from the property lines on both James and Fifth streets. Her plan was to use the new addition and the first floor of the existing structure as a retail clothing and gift shop and the second floor as her residence. This plan does not conform to the provisions of existing R-3 Multiple-family zoning classification, which requires a 20-foot setback. The proposed use by the plaintiff of her property would be proper under either the B-3 Business classification or under the B-1 Business classification. The sole difference between the B-1 Business classification and the B-3 Business classification, as applied to the controversy herein, is the setback requirements. In a B-1 Business district there is no setback requirement and in a B-3 Business district there is a 20-foot setback requirement. In the case of the plaintiff herein the setback which she proposed would be 5 feet, as indicated above, which would not comply with the B-3 Business setback requirements. In substance, this appears to be the bone of contention between the City of Geneva and the plaintiff.

The seven-block area between River Lane and Seventh streets north of State Street is zoned B-1 or B-4 Business. South of James Street, between River Lane and Fourth streets, for a distance of five blocks to the railroad tracks, we find a mixture of R-1 Single-Family Residential, R-3 Multiple-family Residential, B-3 Business District, B-4 Business District, M-3 Manufacturing District and an apparent classification of "M.D." covering the Community Hospital and allied buildings. All of this is depicted in the map above.

The plaintiff appeared at a public hearing before the Geneva Plan Commission and the Commission unanimously approved and recommended to the City Council that the petition for rezoning from R-3 Multiple-family Residential to B-1 Business be granted. The Geneva City Council refused the request for rezoning and this suit followed. Plaintiff further contended, at both the hearing before the Commission and at trial, that such rezoning was compatible with the objectives of the City of Geneva as set forth in the "Development Policy Guide" as prepared by the Geneva Plan Commission and adopted by the Geneva City Council, which designated plaintiff's property and the surrounding property as intended for commercial use.

The plaintiff introduced evidence that the highest and best use of the property would be under B-1 Business zoning. The plaintiff's expert witnesses further testified that the denial of the petition for rezoning to a B-1 Business classification diminished the value of the property. They estimated that the property would be worth $20-25,000 more if zoned B-1 rather than under the existing zoning of R-3 Multiple-family Residential.

The witness for the City testified as to the highest and best use of the property and stated that the most appropriate use for the particular piece of property was B-3 Business. The appellee herein has cited *La Salle National Bank v. City of Evanston* (1974), 57 Ill. 2d 415, 312 N.E.2d 625, and *Grobman v. City of Des Plaines* (1975), 59 Ill. 2d 588, 322 N.E.2d 443. In both of these cases the supreme court held that aesthetics may be a consideration in the determination of an ordinance's reasonableness. We do not find that these cases are applicable to the situation before us. In *Grobman* plaintiff sought to erect a residence on a 25-foot lot where the evidence was that all of the lots surrounding the area of his property were in excess of 50 feet in width. In the *City of Evanston* the court found that the building contemplated by the corporation would be significantly dissimilar to any structure in the immediate vicinity and would alter the area's character. Neither of these cases, therefore, are applicable to the situation before us.

■■■ From the testimony of the City's witness the existing zoning classification was not proper. We stated in *Schmidt v. City of Darien* (1975), 31 Ill. App. 3d 617, 621, 333 N.E.2d 678, 681, that:

"It is true that in cases in which the municipality has admitted that the existing classification is invalid, the challenging parties are discharged from their duty to prove the invalidity of the existing ordinance."

In this connection we considered the case of *Schultz v. Village of Lisle* (1972), 53 Ill. 2d 39, 289 N.E.2d 614, and held in *Schmidt* that "[t]he persons attacking the respective ordinances were still required to prove by a clear and convincing evidence, however, that the zoning ordinance was as to them arbitrary and unreasonable." 31 Ill. App. 3d 617, 621, 333 N.E.2d 678, 681.

In *First National Bank v. Village of Morton Grove* (1973), 12 Ill. App. 3d 589, 299 N.E.2d 570, the court held that after a party proves that an existing ordinance is void as to his property the plaintiff must still show that its proposed use is reasonable.

■■ As indicated above, the plaintiff contended that her proposed use of her premises was compatible with the provisions of the "Development Policy Guide" prepared by the Plan Commission of the City of Geneva and adopted by the City Council and introduced into evidence. She appeared before that Commission and that Commission held that her proposed use was proper, which would require the rezoning of the property from R-3 Multiple-family Residential zoning to B-1 Business zoning. Considering the entire record as a whole, it would appear that the City of Geneva, in denying plaintiff's request for rezoning, failed to give proper weight to the recommendation of Geneva Plan Commission and to the general pattern of development of the City under the adopted

"Development Policy Guide". We further find that the rezoning of plaintiff's property from R-3 Multiple-family Residential to B-1 Business, rather than to B-3 Business as testified to by the City's witness, has in fact no relation to the public health, safety, welfare or morals of the community; nor can it be said to be contrary to the proposed plan for the development of the City of Geneva where the Plan Commission of that city states in its recommendation that the property should, in fact, be rezoned to B-1 Business. While we hesitate to substitute our judgment for that of the trial court in zoning matters, it is apparent in this case that the holding of the trial court in refusing to enter judgment for the plaintiff in her action seeking to hold the zoning classification as applied to her property unconstitutional is against the manifest weight of the evidence.

The plaintiff's second contention is that the City Council's action denying her petition was voidable because five of its members attended a meeting to hear objections to plaintiff's petition, in violation of the Open Meetings Act, 2 days before public hearings were held on the matter. In light of our disposition of this case, it is unnecessary for us to pass upon this issue, and we shall not do so.

We therefore reverse and remand with directions to the trial court to enter judgment for the plaintiff herein.

Reversed and remanded.

SEIDENFELD and HALLETT, JJ., concur.