FLYNN, d.b.a. THE HONDA STORE, Appellee,

v.

BOARDMAN TOWNSHIP BOARD OF ZONING APPEALS, Appellant.

[Cite as *Flynn v. Boardman Twp. Bd. of Zoning Appeals* (1995), 110 Ohio App.3d 149.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 94 C.A. 69.

Decided May 12, 1995.

*Larry M. Dickey,* for appellee.

*James A. Philomena,* Mahoning County Prosecuting Attorney, and *Karen Gaglione,* Assistant Prosecuting Attorney, for appellant.

GENE DONOFRIO, Judge.

Defendant-appellant, Boardman Township Board of Zoning Appeals, appeals from a decision of the Mahoning County Common Pleas Court ordering appellant to grant a variance to plaintiff-appellee, David A. Flynn, d.b.a. The Honda Store.

The record shows that appellee erected an electronic message sign to advertise his product on his property located at 7955 Market Street, Boardman Township, Ohio. After appellee erected his sign, the township granted permits or variances, over appellee's objection, to two other businesses to erect signs on their properties on Market Street near appellee's sign. Appellee then requested a variance in the sign height restrictions, arguing that the new signs obstructed the view of his sign, since the new signs were closer to Market Street. Appellee asked that he be allowed to raise his sign another twenty feet, to forty-seven feet in height, so that it could be seen over the other signs. The variance was denied by the zoning inspector and appellee appealed to the Boardman Township Board of Zoning Appeals, appellant.

A hearing was held in front of appellant on June 1, 1993. At the hearing, photographs were admitted into evidence. The photographs show that the view of appellee's sign is not obstructed at all to cars traveling south on Market Street. However, to cars traveling north, the sign can only partially be seen.

A videotape was also introduced into evidence at the hearing. The videotape shows that the sign can still be seen by those traveling north, although it is partially blocked until one gets closer to it.

Although there was conflicting testimony at the hearing, it was established that appellee's sign is currently twenty-seven feet in height. This is eleven feet over the limit established by the township's zoning ordinance. There was some indication at the hearing that the highest sign height in the area is approximately thirty-seven feet. The granting of appellee's variance would place appellee's sign at approximately forty-seven feet and make it the highest in the immediate vicinity.

At the hearing, appellant's members were concerned with the density of signs along Market Street and feared that with each granting of a variance for sign placement there would be an increasing number of such requests, with businesses looking to have their signs bigger, higher and closer to the road than all other signs. In addition, there was also testimony by a neighboring landowner that the density of signs along Market Street presented a traffic hazard. Appellant subsequently denied the variance request.

Appellee then appealed to the common pleas court pursuant to R.C. Chapter 2506. After briefs were filed, the trial court reversed appellant's decision and ordered that the variance be issued to appellee. Appellant then filed this appeal.

There are two assignments of error. In the first assignment, appellant argues that:

"Appellant Board of Zoning Appeals did not act unreasonably and arbitrarily [in] denying appellee's variance request to raise [his] electric sign-board."

█ Appellant argues that its decision was presumptively valid, citing *C. Miller Chevrolet v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 67 O.O.2d 358, 313 N.E.2d 400. Appellant also argues that a party adversely affected by a board's decision must show that the decision was arbitrary, capricious or unreasonable in order to have it reversed on appeal to the common pleas court, citing *Mobil Oil Corp. v. Rocky River* (1974), 38 Ohio St.2d 23, 67 O.O.2d 38, 309 N.E.2d 900.

Appellant argues that a variance should be granted only upon a showing by the landowner of practical difficulties or unnecessary hardship. See R.C. 519.14(B). Appellant argues that appellee has not made this showing. Appellant argues that appellee is one of many automobile dealers in the area and that the sign in question is one of several on appellee's property. Appellant argues that, given the congestion of signs in the area, appellee failed to show that he was in a different position from that of any of the other businesses within the area and that any kind of financial hardship had been incurred. In addition, appellant argues that appellee failed to show unnecessary hardship in that the view of the sign is not fully obstructed.

Appellee has failed to show that his business is being harmed. Given the congestion of signs in the area, appellee is not in any different position from that of any of the other businesses within the area. Granting the variance to allow appellee to raise his sign to forty-seven feet in height would create a race for the bigger, higher and closer-to-the-road sign, which would defeat the purpose of the zoning restrictions. The ruling of appellant is supported by a preponderance of the evidence, is not arbitrary or unreasonable, and bears a reasonable relationship to the legitimate exercise of police power. *Mobil Oil Corp. v. Rocky River, supra.* Therefore, the trial court erred in substituting its judgment for that of appellant. Appellant's first assignment of error is sustained.

In its second assignment of error, appellant argues:

"As appellant's decision denying appellee's variance request was neither unreasonable nor arbitrary, the trial court abused its discretion reversing that decision."

Appellant cites R.C. 2506.04, which states:

"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."

Appellant cites *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113, wherein it was held that a common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts and that the trial court may not blatantly substitute its judgment for that of the administrative agency. *Dudukovich* further held that where there is a preponderance of reliable, probative and substantial evidence, the common pleas court must affirm the agency's decision.

Appellant argues that a hearing was held and evidence taken, and that all evidence was taken into consideration in making its decision. Appellant argues that its decision is supported by a preponderance of the probative and substantial evidence and that the common pleas court erred in reversing the decision, under the authority of *Dudukovich*.

In addition, appellant argues that the trial court applied the wrong standard in making its decision. In its judgment entry, the trial court held:

"A showing of unnecessary hardship is not always required when applying for a variance. In instances not related to *use*, proof of practical difficulties is sufficient. *Kisil v. City of Sandusky* (1984), 12 Ohio St.3d 30 [12 OBR 26, 465 N.E.2d 848]." (Emphasis added.)

Appellant argues that a reading of *Kisil* shows that the Supreme Court of Ohio distinguished between requests for "area" variances and "use" variances. Appellant argues that an area variance refers to a variance in lot size dimensions. Appellant argues that the instant case concerns a use variance and that the standard of unnecessary hardship is therefore applicable. Appellant argues that the trial court erred in applying the more lenient standard reserved to area variances and in not requiring appellee to show unnecessary hardship.

*Kisil* dealt specifically with area variances. The *Kisil* court implied that the stricter standard of unnecessary hardship should still be used in regard to requests for use variances. Since appellee did not request an area variance, the more lenient standard set forth in *Kisil* is not applicable. Therefore, the trial court erred in applying the more lenient standard to this case.

As appellee failed to show any type of unnecessary hardship, the trial court erred in reversing the decision of appellant and ordering that a variance be granted. Appellant's second assignment of error is sustained.

The decision of the trial court is reversed, and the decision of appellant, Boardman Township Board of Zoning Appeals, is hereby reinstated.

*Judgment reversed.*

O'NEILL, P.J., and COX, J., concur.