FLAIR CORPORATION ET. AL., APPELLEES, v. CITY OF BRECKSVILLE, APPELLANT.

(No. 35087—Decided July 29, 1976.)

*Mr. Guerin L. Avery,* for appellees.
*Mr. Earl T. Longley,* for appellant.

KRENZLER, J. The appellees, Flair Corporation and Ohio Property Investors, filed a two-count complaint in the Common Pleas Court of Cuyahoga County. The substance of the first count of the complaint was that the appellees were the owners or had options to purchase approximately 103 acres of land in the city of Brecksville, Ohio and that they had applied for rezoning of this land from the currently allowed usage, single family on no less than one acre of land, to a combination of usages consisting of the current single family-one acre zoning, attached single family housing with a density of not greater than 8 units per acre, community facilities and office building use. The appellees alleged that the planning commission of the city of Brecksville had refused to recommend to the city council the adoption of the requested rezoning, and that the city council received a written report from the planning commission and refused to take any action. The appellees alleged that they were appealing under R. C. Chapter 2506 from the action of the planning commission of the city of Brecksville and of the city council in denying the requested rezoning. In conjunction with this count, the appellees filed a notice of appeal.

In their second count the appellees alleged that in 1967 the city of Brecksville adopted the "Brecksville Master Plan," that the current existing zoning of the city of Brecksville did not comply with the "Brecksville Master Plan," and that both the Brecksville Planning Commission and Brecksville city council had refused to amend the zoning, either on their own initiative or at the request of the appellees. The appellees further alleged that they were being denied the highest and best use of their land and that the refusal of the city of Brecksville to rezone their property constituted a taking without just compensation. The appellees also alleged that the current zoning of the city of Brecksville was arbitrary, capricious, unreasonable and unfounded in fact or in law and was such as to violate

their right to equal protection of law, all of which was in violation of the Constitution of the United States of America and the Constitution of the State of Ohio.

In their prayer for relief, the appellees sought a declaratory judgment that the current zoning as it applied to the land owned by or optioned to them was unconstitutional and null and void, and that they were entitled to the land usages they sought, or to any other reasonable usage.

The appellant, the city of Brecksville, filed an answer which was essentially in the form of a general denial. However, the appellant also alleged in its answer that an appeal pursuant to R. C. Chapter 2506 was inapplicable to the facts stated in the complaint and that the appellees' complaint should only be considered with respect to the declaratory judgment action. The appellant further alleged that the zoning applicable to the appellees' land was a valid and reasonable zoning classification. The appellant requested that the appellees' complaint be dismissed.

The case was tried in the lower court without a jury. Although the trial court issued a memorandum of opinion, such memorandum was never journalized and therefore will not be considered. Subsequently, the trial court entered a judgment which held that the action of the city of Brecksville in prohibiting the appellees from using their land as set forth in their application for rezoning did not bear a reasonable relationship to the legitimate exercise of police power by the city of Brecksville and that the application for rezoning should be allowed. The trial court ordered and decreed that the appellees' application for rezoning, which was rejected by the planning commission and by council, be allowed, and that the zoning map of the city of Brecksville be amended to reflect such rezoning.

The city of Brecksville has taken this appeal from the judgment of the trial court and presents two assignments of error:

I. The decision of the court is contrary to the weight of the evidence.

II. The decision of the court is contrary to law.

This court has before it in this appeal the original

papers and a certified copy of the docket and journal entries in the court below. However, we do not have a verbatim transcript of testimony, nor a narrative or agreed statement of the evidence as provided for in Appellate Rules 9(B), (C) and (D).

Inasmuch as we do not have either a verbatim transscript of testimony, a narrative transcript of testimony, or an agreed statement, it is impossible for this court to favorably consider the first assignment of error. Therefore, the first assignment of error is not well taken.

We now turn to the second assignment of error.

It is well established that a party may take an appeal under R. C. Chapter 2506, the Appellate Procedure Act, from any adverse final decision of an administrative agency. Such an appeal may be taken from an action of a planning commission, such as when a variance is sought from it, on the grounds that the planning commission is the final authority on this subject and therefore that its action is a final appealable order. In some instances local charters or ordinances require a party seeking a variance to first appear before a city planning commission for its recommendation and then go to the city council for approval or rejection. Under these circumstances the city council is acting in a quasi-judicial capacity, and its action in regard to the variance is administrative in nature. Under these facts the council's action is a final order allowing an appeal under R. C. Chapter 2506. *Tuber* v. *Perkins* (1966), 6 Ohio St. 2d 155; *In re Appeal of Clements* (1965), 2 Ohio App. 2d 201; *Standard Oil Company* v. *City of Warrensville Heights,* decided April 8, 1976, Court of Appeals of Ohio-Eighth District, case number 34,272.

It is especially noted that whenever a party takes an appeal under R. C. Chapter 2506, from an adverse final decision of an administrative agency, such party may appeal on the basis that the agency abused its discretion. The party may also attack the constitutionality of the pertinent zoning ordinance in the appeal to the Common Pleas Court. The constitutional issue may be raised for the first time in such appeal even though the administra-

tive agency did not have authority to decide the constitutional issue. *Mobil Oil Corp.* v. *Rocky River* (1974), 38 Ohio St. 2d 23; *State, ex rel. Sibarco Corp.,* v. *City of Berea* (1966), 7 Ohio St. 2d 85.

However, when a person makes a request to a city council to rezone property, this is a request for legislative action not administrative action, and the action or refusal to act of the city council in rezoning or not rezoning may not be attacked in an appeal under R. C. Chapter 2506, but may be directly attacked in a declaratory judgment action under R. C. Chapter 2721. *Driscoll* v. *Austintown Associates* (1975), 42 Ohio St. 2d 263; see also *Gates Mills Investment Co.* v. *Pepper Pike* (1975), 44 Ohio St. 2d 73.[1]

In the first count of their complaint, the appellees sought to take an administrative appeal under R. C. Chapter 2506, from an adverse recommendation of the Brecksville planning commission. This was not valid because the planning commission's authority is limited to making a recommendation. It does not have authority to actually grant the rezoning requested. The action of the planning commission did not constitute a final appealable order.

Further, an appeal under R. C. Chapter 2506 from the refusal of the Brecksville City Council to rezone was not valid. In the present case, the appellees were seeking a rezoning of property and not a variance. Inasmuch as the city council refused to rezone, and this was an action by it in its legislative capacity, no appeal under R. C. Chapter 2506 could be properly taken. The appropriate action was a declaratory judgment action pursuant to R. C. Chapter 2721.

Because the appellees could not take an appeal from the recommendation of the planning commission or the

---

[1]See also R. C. 2721.03 which provides in pertinent part:

"Any person * * * whose rights, status, or other legal relations are affected by a * * * municipal ordinance * * * may have determined any question of construction or validity arising under such * '* * ordinance * * * and obtain a declaration of rights, status, or other legal relations thereunder."

refusal of council to rezone, the trial court could not as a matter of law grant the relief sought by the appellees in the first count of their complaint.

As noted above, in the second count of their complaint the appellees sought a declaratory judgment. The appellant contends that the decision of the trial court regarding the declaratory judgment is contrary to law. It argues that the test in all actions in which constitutionality of a zoning ordinance is at issue, whether brought under R. C. Chapter 2506 or 2721, is whether the prohibition against a specific proposed use is reasonable. The appellant cites *Superior Uptown* v. *Cleveland* (1974), 39 Ohio St. 2d 36, and *Mobil Oil Corp.* v. *Rocky River, supra,* as its authority.

In order to determine if the trial court's judgment is contrary to law as alleged by the appellant, we must look to the appellees' complaint, its prayer for declaratory judgment relief, and the actual judgment.

With the limitation noted above, constitutional issues relating to zoning ordinances may be raised either in an appeal to the Common Pleas Court under R. C. Chapter 2506 or in a declaratory judgment action under R. C. Chapter 2721. However, while both actions may raise constitutional questions, the precise issue for determination need not be the same in the two instances.

Either a declaratory judgment action under R. C. Chapter 2721 or an appeal under R. C. Chapter 2506 may challenge the validity of a zoning ordinance. The challenge may be that a prohibition against a proposed use is unconstitutional, in an appeal under R. C. Chapter 2506, or the challenge may be that the present zoning ordinance is unconstitutional, as is usual in a declaratory judgment action under Chapter 2721. There is clearly a distinction between challenging the constitutionality of a prohibited use and challenging the overall constitutionality of a zoning ordinance.

When there is a constitutional attack in an appeal under R. C. Chapter 2506, such attack is limited to a determination of whether the prohibition against a specific proposed use is constitutional. *Mobil Oil Corp.* v. *Rocky River,*

*supra*. When there is a constitutional attack by way of a declaratory judgment action, however, the issues to be determined may or may not be so limited. Issues to be determined in a declaratory judgment action attacking constitutionality of a zoning ordinance are determined by the allegations of the pleadings and by the prayer for declaratory judgment. The issues to be determined in a declaratory judgment action may include an objective determination of whether or not a zoning ordinance is unreasonable, arbitrary and confiscatory and not based on health, safety, morals and welfare and therefore whether or not the ordinance is unconstitutional. The determination may relate directly to the validity of the zoning ordinance. If the court finds the zoning ordinance unconstitutional, it must also determine a reasonable use or uses of the property so as not to leave the property in an unzoned classification.

The Ohio Supreme Court in *Mobil Oil Corp.* v. *Rocky River, supra,* at pp 28-29, noted that there is a difference between a declaratory judgment action and an appeal under R. C. Chapter 2506, when the constitutionality of a zoning ordinance is under attack. The Supreme Court stated that, in an appeal under R. C. Chapter 2506, some particular use which has been denied a landowner is necessarily involved and that the landowner is attacking the constitutionality of a zoning ordinance as applied to prevent him from using his property in a way in which he has requested. The Supreme Court also stated that the scope of the inquiry in an appeal under R. C. Chapter 2506 is limited by the nature of the application and that the overall constitutionality of the zoning ordinance should not be determined.

The Supreme Court in its syllabus in *Mobil Oil Corp.* expressly held that in an appeal pursuant to R. C. Chapter 2506, which challenges the constitutionality of a zoning ordinance as applied, the issue for determination is whether the ordinance, in proscribing a landowner's proposed use of his land, has any reasonable relationship to the legitimate exercise of police power by the municipality.

This test enunciated in *Mobil Oil Corp.* only requires that the trial court decide whether or not the prohibition

against the proposed use has any reasonable relationship to the legitimate exercise of police power by the municipality. Thus, much hinges on the proposed use of the property. The trial court is not required to make an objective determination of whether or not the present zoning is constitutional. It must first look to the proposed use and decide if the prohibition against this use is valid. If the prohibition against the proposed use is valid, the trial court need go no further. If the prohibition against the proposed use is unreasonable, arbitrary and confiscatory and not based on the health, safety, morals and welfare, the trial court will then declare the zoning ordinance unconstitutional. Thus, the trial court under this test must view the constitutional issue only in light of the proposed use. However, although the zoning of the property may be constitutional when considering a proposed use, it may be unconstitutional in light of some other use. But since a use not proposed would not be before the court, the trial court would not need to decide the constitutionality of the prohibition against that non-proposed use.

However, in a declaratory judgment action under R. C. Chapter 2721, in which a party alleges that a zoning ordinance is unconstitutional, the party bringing the action generally is seeking a much broader and more objective decision from the court. In such action the property owner generally is seeking a declaration that the present zoning of his property is unreasonable, arbitrary, confiscatory and not based on health, safety, morals and welfare and therefore is unconstitutional.

Stated again, in a declaratory judgment action, it is usually the overall constitutionality of a zoning ordinance as applied to a particular parcel of property that is at issue and not necessarily the prohibition against a specific requested or proposed use.

There is thus a distinction between issues to be determined when there is a constitutional attack on zoning in an appeal under Chapter 2506 and in a declaratory judgment action under Chapter 2721.

There is a valid reason for the distinction in framing the issue between a declaratory judgment action and an

appeal under Chapter 2506. In an appeal under Chapter 2506 the property owner is seeking a specific use for his property, and thus a determination of whether a prohibition against this specific use is constitutional is a proper determination.

However, in a declaratory judgment action in which the property owner is seeking a determination as to whether or not the present zoning ordinance is constitutional or unconstitutional, the property owner is not seeking a determination as to whether or not prohibitions on his property are constitutional.

If this distinction between framing the issue in a Chapter 2506 appeal and in a declaratory judgment action were not made, a property owner in a declaratory judgment action would be required to have a specific proposed use. If the prohibition against his specific proposed use were held constitutional, then the property owner would not prevail. It is possible under these circumstances that in an objective sense the present zoning could be unconstitutional but that it would not be declared unconstitutional because the prohibition against the particular proposed use is not unconstitutional. In other words, if the *Mobil Oil Corp.* test were applied to all declaratory judgment actions, there would only be a declaration of unconstitutionality when the prohibition against a specific proposed use was unconstitutional. This situation would then lead to a multiplicity of law suits in which property owners would be required to continuously bring declaratory judgment actions before a court with various proposed uses until the court could finally determine that the prohibition against any specific proposed use was unconstitutional. It is far better practice to have a court determine the overall constitutionality of a specific zoning ordinance and then if it determines the ordinance to be unconstitutional, to determine a reasonable use or uses for the property. This latter determination is necessary in order to avoid leaving the property in an unzoned classification.

As an additional point, it is noted that in their complaint the appellees alleged that they were being denied the highest and best use of their land. This is an erroneous

allegation in a declaratory judgment action attacking the constitutionality of a zoning ordinance. The concept of highest and best use is applicable in determining fair market value in appropriation cases. It is not a concept to be considered in determining the constitutionality of a zoning ordinance. In determining the constitutionality of a zoning ordinance in a declaratory judgment action, the test is usually whether or not the present zoning is unreasonable, arbitrary or confiscatory and whether or not it is based on health, safety, morals and welfare.

Count two of the complaint in the instant case clearly stated the issue to be determined by the lower court as follows: whether or not the current zoning of the appellees' property was arbitrary, capricious, unreasonable and unconstitutional. This is the issue that should have been resolved by the trial court.

It is our conclusion that the trial court did not specifically resolve the above issue of constitutionality raised in the declaratory judgment count of the complaint. Therefore, such judgment is invalid as a matter of law.

We therefore reverse and remand this case to the trial court with instructions to render a judgment determining whether or not the present zoning of the appellees' property is unreasonable, arbitrary and confiscatory and whether or not it is based on health, safety, morals and welfare. In short, we remand for a determination of whether or not the present zoning is constitutional. If the court finds the present zoning unconstitutional, it should then determine what use or uses are reasonable. After making such determination or determinations, the trial court shall enter judgment accordingly. Judgment reversed. This case is remanded for further proceedings consistent with this opinion and judgment.

*Judgment reversed.*

DAY and WASSERMAN, JJ., concur.

WASSERMAN, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.