**SUDAN, INC.; Groth, Appellant,**

**v.**

**VILLAGE OF CHAGRIN FALLS et al., Appellees.**

[Cite as *Sudan, Inc. v. Chagrin Falls* (1989), 63 Ohio App.3d 83.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55238.

Decided May 22, 1989.

*Thomas & Boles* and *Stephen G. Thomas,* for appellant.

*Joseph W. Diemert, Jr. & Associates Co., L.P.A.,* and *Joseph W. Diemert, Jr.,* for appellees.

THOMAS J. PARRINO, Visiting Judge.

The instant action arose as a result of an application for a zoning variance filed by Sudan, Inc., d.b.a. Nutri–System Weight Loss Centers ("Sudan"). Sudan filed the application with the village of Chagrin Falls et al. ("appellees") for a variance to Zoning Code Section 1137.02(a)(6),[1] requesting that

---

1. Section 1137.02 provides in part as follows:
    "In a Retail Business District, buildings and land shall be used by right for only the main and accessory uses set forth below * * *.

Sudan be allowed to conduct weight loss classes on the ground-floor level of a building whose use had been restricted to retail sales.

The appellant, Marilyn Groth ("appellant"), is the owner of the building in question. She rented the premises to Sudan to be used for the retail sale of its dietetic foods. Although Sudan and appellant were co-plaintiffs in the original action, Groth, alone, has pursued the instant appeal.

The request for the variance was denied by the village's zoning board of appeals ("board"). The denial was affirmed by the village council.

Sudan and Groth filed a complaint in the common pleas court seeking injunctive relief. At that time, the parties entered into an agreement whereby Sudan would be allowed to occupy the premises and carry on the retail sale of its food products. It was also agreed that no weight loss classes would be conducted on the first floor of the building. That action was then dismissed by both parties.

Sudan and Groth then filed a timely notice of appeal to the common pleas court pursuant to R.C. Chapter 2506. This document also included a complaint seeking declaratory judgment concerning the constitutionality of the ordinance in question.

Upon filing their assignments of error for purposes of the administrative appeal, Sudan and Groth also filed a motion for summary judgment seeking to have the ordinance declared unconstitutional. They filed affidavits in support of their motion. Appellees responded by filing an answer and counterclaim also seeking declaratory judgment as to the ordinance's validity and for damages. Thereafter, appellees filed a motion to dismiss the complaint of Sudan and Groth. This motion was not ruled upon.

Sudan and Groth moved for dismissal of appellees' counterclaim, which was denied. Appellees filed a brief in opposition to Sudan and Groth's motion for summary judgment, but did not file any opposing affidavits. Subsequently, appellees moved for leave to file a motion for summary judgment. The court granted leave to file said motion. However, appellees did not file that motion with the court.

---

"* * *

"(a)(2) *Retail sales.* Establishments engaged primarily in the retail sale of merchandise as delineated below * * *.
"* * *

"(a)(6) *Trade schools,* etc. Trade and business schools and private establishments offering classes in such areas as self-improvement, dance, exam preparation and weight loss, provided that no such use shall occupy a ground floor space with frontage on a public street from which that space has access."

On January 20, 1988, the court issued a judgment entry and opinion regarding the merits of the administrative appeal seeking reversal of the board's denial of the variance. A second journal entry filed on the same day noted that there was no just reason for delay as to the judgment of the court.

This timely appeal follows and presents four assignments of error for review by this court:

"I.  The trial court erred in entering judgment against the plaintiff-appellants below where the defendants failed to submit affidavits to contravene the affidavits filed by the plaintiffs in support of their motion for summary judgment and never moved for summary judgment in their own right.

"II.  The trial court erred in not granting the plaintiffs' motion for summary judgment below, which the defendants failed to oppose with countervailing affidavits, and in which plaintiffs sought a declaration that the subject zoning ordinance was unconstitutionally arbitrary.

"III.  The trial court erred in failing to find that the substantial evidence presented to the village of Chagrin Falls concerning the nature of Nutri-System's business, required that village to issue the requested occupancy permit as a matter of right.

"IV.  The trial court erred in failing to dismiss defendants' counterclaim for damages, for failure to state a claim."

Assignments of Error I and II will be discussed jointly as they both address the issue of summary judgment.

Appellant contends that the court erred by entering summary judgment in favor of appellees since issues of fact remain as to whether the ordinance in question was constitutional in its application. Appellant also argues that the entry of summary judgment for appellees was incorrect since they had not moved for summary judgment. Our review of the record does not reveal the entry of summary judgment for the appellees.

Before discussing the merits of the instant appeal, we must first dispose of appellees' contention that appellant herein has no standing to bring this appeal because she is not injured by the application of the ordinance in question.

When a party such as appellant challenges the constitutionality of an ordinance she must demonstrate that she has standing to assert a claim of unconstitutionality. See *Clermont Environmental Reclamation Co. v. Wiederhold* (1982), 2 Ohio St.3d 44, 47–48, 2 OBR 587, 589–591, 442 N.E.2d 1278, 1280–1282; *Lake Cty. Land Improvement, Inc. v. Village of Gates Mills* (Dec. 24, 1986), Cuyahoga App. No. 51363, unreported, at 6–7, 1986 WL 14891. Since appellant owns the building to be affected by application of the ordinance in question and she has demonstrated the requisite direct pecuniary

interest to challenge the ordinance's constitutionality, she has standing to proceed with this appeal. *Anderson v. Brown* (1968), 13 Ohio St.2d 53, 42 O.O.2d 100, 233 N.E.2d 584. Thus, we reject appellees' allegation that appellant lacks standing to pursue this appeal.

Initially, it must be pointed out that appellant's claim in the common pleas court requested: (1) a review of the denial of Sudan and her request for a variance to the subject zoning ordinance by way of administrative appeal; (2) declaratory judgment on the issue of the constitutionality of the ordinance; and (3) damages incurred as a result of the application of an unconstitutional ordinance.

In our opinion the court, in its judgment of January 20, 1988, addresses only questions raised by Sudan and Groth in their appeal under R.C. Chapter 2506 from the actions taken by the board and council of the village of Chagrin Falls. The court, in its judgment entry, does not mention the filing by Sudan and Groth of a complaint for declaratory judgment, nor does it analyze the ordinance in terms of the declaratory judgment sought by them.

The motion for summary judgment filed by Sudan and Groth addressed issues to be considered in the declaratory judgment action, not matters presented for review of the board's decision. Since these two actions are separate, we cannot say that the court ruled upon the issue of summary judgment absent a journal entry to that effect.

Where the court did not specifically rule upon Sudan and Groth's motion for summary judgment, we cannot say that it did so by implication. Moreover, appellees requested leave to file a motion for summary judgment just prior to the court's journalized entry that disposed of the administrative appeal. This motion has not yet been filed with the court, which makes clear that the action for declaratory judgment has not yet been ruled upon.

In conclusion we note that the court's judgment entry speaks only in terms of an affirmance of the actions taken by the Board of Zoning Appeals and the village of Chagrin Falls Council.

For these reasons, we find that the trial court did not enter summary judgment for the appellees, nor did it dispose of the declaratory judgment action. Hence, appellant's first and second assignments of error are without merit.

Appellant's third assignment of error alleges that the common pleas court erred in affirming the decision of the board. This argument has merit, but for reasons other than those discussed by appellant.

At this juncture, it becomes imperative to discuss, in greater detail, the distinction between an appeal from an administrative order and a complaint

for declaratory judgment. Since the instant case deals with both, the trial court's role in resolving the issues raised by these actions must be summarized.

The Ohio Supreme Court in *Mobil Oil Corp. v. Rocky River* (1974), 38 Ohio St.2d 23, 28–29, 67 O.O.2d 38, 40–41, 309 N.E.2d 900, 903–904, noted that there is a difference between a declaratory judgment action and an appeal under R.C. Chapter 2506, when the constitutionality of a zoning ordinance is under attack. In an appeal pursuant to R.C. Chapter 2506, the nature and scope of the reviewing court's inquiry is limited to determining whether the ordinance has any reasonable relationship to the legitimate exercise of police power by the municipality. This determination is made by analyzing the particular use in question as it relates to the property governed by the ordinance. *Flair Corp. v. Brecksville* (1976), 49 Ohio App.2d 77, 83, 3 O.O.3d 146, 149, 359 N.E.2d 459, 465.

In a declaratory judgment action, the party is requesting a broader review of the ordinance's constitutionality. In this regard, the party seeks a declaration from the court that the zoning ordinance is unreasonable, arbitrary, confiscatory and not based on health, safety, morals and general welfare. *Id.* at 84, 3 O.O.3d at 150, 359 N.E.2d at 465, 466; *SMC, Inc. v. Laudi* (1975), 44 Ohio App.2d 325, 73 O.O.2d 378, 338 N.E.2d 547.

Thus, the central question resolved by a declaratory judgment action is the overall constitutionality of a zoning ordinance as applied to a particular parcel of property. "The declaratory judgment action is independent from the administrative proceedings and is not a review of a final administrative order." *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 16, 526 N.E.2d 1350, 1355.

Moreover, the standard of review to be employed by the common pleas court in an administrative appeal versus a declaratory judgment action is quite different. In an appeal under R.C. Chapter 2506, the court sits in appellate review of the board's decision as to the issue of the variance sought by the moving party. *Warrensville Ctr., Inc. v. Warrensville Hts.* (1984), 20 Ohio App.3d 220, 222, 20 OBR 267, 268, 485 N.E.2d 824, 825. In an action for declaratory judgment, the court must necessarily evaluate the basic constitutionality of the ordinance. In this manner, the court takes on an additional task which the board is not authorized to perform. Since the issue of constitutionality is to be tried originally in the common pleas court, this calls for a *trial de novo*. *SMC, Inc. v. Laudi, supra* 44 Ohio App.2d at 330, 73 O.O.2d at 381, 338 N.E.2d at 551; *McCreery v. Brecksville Bd. of Zoning*

*Appeals* (Dec. 27, 1984), Cuyahoga App. No. 48396, unreported, 1984 WL 6399.

■ The instant action was filed with the common pleas court and requested both an administrative review and a declaration of the ordinance's overall constitutionality. We must emphasize that whenever there is an attack of the constitutionality of a zoning ordinance, upon the filing of a declaratory judgment action, the court must first determine whether the existing zoning ordinance in question is constitutional, and then must decide whether the use or use sought by the property owner is reasonable. *SMC, Inc. v. Laudi, supra,* citing *Mobil Oil Corp. v. Rocky River, supra.*

Therefore, the common pleas court erred in addressing the merits of the administrative appeal prior to its determination of constitutionality of the ordinance in question. The review of the board's decision was limited to the question of whether it had abused its discretion in denying the variance sought by Sudan and Groth. The request for a declaratory judgment as to the overall constitutionality of the ordinance was a matter to be resolved separately.

In the administrative appeal, the appellant is not questioning whether the prohibited use of the property is constitutional. Thus, it becomes imperative to first determine the basic issue of constitutionality of the ordinance in question before the court can reach the issue of appropriate uses for the zoned area. See *Flair Corp. v. Brecksville,* 49 Ohio App.2d at 85, 3 O.O.3d at 150, 359 N.E.2d at 466.

Appellant's third assignment of error has merit.

■ Appellant's final assignment of error challenges the court's denial of the request to have appellees' counterclaim dismissed. It is argued that the counterclaim should have been dismissed pursuant to Civ.R. 12(B)(6).

■ The ruling which appellant challenges, relevant to the denial of the motion to dismiss, is not a final appealable order. Civ.R. 54(B). As previously noted in this opinion, the court below has not yet ruled on appellant's complaint for declaratory judgment. Having failed to do so, the court's order denying appellant's motion to dismiss appellees' counterclaim remains interlocutory. See *Slanco v. Vindicator Printing Co.* (1984), 14 Ohio App.3d 326, 14 OBR 393, 471 N.E.2d 524. It is true that the court by an order dated January 20, 1988 stated that there was "no just reason for delay and that all issues are proper subjects of appeal." However, a court cannot by the use of such language render final an order which is actually interlocutory. *R & H Trucking, Inc. v. Occidental Fire & Cas. Co.* (1981), 2 Ohio App.3d 269, 271, 2

OBR 298, 300, 441 N.E.2d 816, 818; *Sheets v. Antes* (1984), 14 Ohio App.3d 278, 14 OBR 307, 470 N.E.2d 931.

Accordingly, appellant's fourth assignment of error is overruled.

Having reviewed the record on appeal, we find that the decision of the common pleas court must be reversed and the cause remanded for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

DYKE, P.J., and JOHN F. CORRIGAN, J., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.