OPINION
Appellant, Janet Napier, appeals a Butler County Common Pleas Court judgment affirming the Middletown Chief of Police's administrative decision to deny appellant a permit to operate an adult entertainment establishment. This appeal was brought under R.C. Chapter 2506. We affirm.
Appellant owns the premises located at 124 Charles Street, Middletown, Ohio, where she proposed to operate an adult-oriented business named The Pinkk Panther Lounge. Middletown City Ordinance 096-49 requires the operator of an adult entertainment establishment to obtain an operating permit. Section 1 V.B. of the municipal ordinance states, "No adult entertainment establishment shall be established and/or operated within a radius of 500 feet of any residential zone, single or multiple family dwelling * * *." Further, Section 1 III.D. 5 of the ordinance states that "[t]he application shall be reviewed by the Chief of the Division of Police. The application will be denied if: * * * The applicant or person operating the adult entertainment establishment has violated any provision of this ordinance."
Appellant's property is located within a C-4 commercial district; however, her property is within sixty feet of a high density dwelling district. In his letter to appellant dated March 6, 1997, the Middletown Chief of Police, Bill Becker, denied appellant's adult entertainment permit because "[t]he establishment is located within 500 feet of a residential unit, which is a violation of Section V.B of the ordinance." Similarly, at the hearing on April 2, 1997, Becker testified that the primary reason for the denial of the permit was appellant's failure to comply with the requirement that the adult entertainment establishment not be "within the 500 feet of the residential unit or area."
On April 10, 1997, appellant appealed Becker's decision to the Butler County Court of Common Pleas pursuant to R.C. Chapter 2506. On May 19, 1998, the court affirmed, finding that Becker's decision was not "unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by a preponderance of substantial, reliable and probative evidence on the whole record." Appellant then appealed to this court pursuant to R.C. 2506.04 raising the following assignment of error:
THE COURT ERRED IN UPHOLDING THE DENIAL OF THE PERMIT.
Under this single assignment of error, appellant presents two issues for our review:
First issue presented for review:
 May the City regulate a liquor control premises in such a manner so as to prohibit certain forms of dancing even though dancing is controlled by the Department of Liquor Control pursuant to Ohio Administrative Code [4]301:11-52. [sic]
Second issue presented for review:
 Where an ordinance prohibits an adult entertainment establishment being operated or locate within 500 feet of "any residential zone, single or multi-family dwelling" and where those terms are nowhere defined in the ordinance or the zoning code, the ordinance is unconstitutional and therefore vague and unenforceable.
R.C. Chapter 2506 provides for the appeal of an administrative decision to the court of common pleas, and states that "the hearing of such appeal shall proceed as in the trial of a civil action." R.C. 2506.03(A). Though the hearing in the common pleas court is not de novo, it often resembles a de novo proceeding. Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. In reviewing the administrative decision, the court of common pleas must determine whether "the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. The decision of the administrative body is presumed to be valid, and the burden of showing its invalidity is upon the contesting party. Consolidated Mgt., Inc. v. Cleveland (1983), 6 Ohio St.3d 238, 240.
If the common pleas court's decision is appealed, the appellate court must determine whether the court of common pleas applied the appropriate standard of review. Dudukovich v. Loraine Metro. Housing Auth. (1979), 58 Ohio St.2d 202, 207. Review by the court of appeals is limited in scope and the decision of the common pleas court must be affirmed "unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Kisil at 34. Included within the ambit of review by the appellate court is the question of whether the common pleas court abused its discretion. Kisil at 34, fn. 4.
Under her first issue presented for review, appellant argues that the municipal ordinance is invalid because the regulation of any liquor control premises is preempted by general state law. Specifically, the Liquor Control Commission of Ohio has provided that on the premises of an establishment licensed to sell liquor, "[e]ntertainment consisting of dancing, either solo or otherwise, which may or can, either directly or by implication, suggest an immoral act is prohibited." Ohio Adm. Code 4301:1-1-52.
The Ohio Constitution provides that "[m]unicipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Section 3, Article XVIII, Ohio Constitution. Thus, a municipal ordinance which directly conflicts with a general state law must give way to the superior authority. Neil House Hotel Co. v. Columbus (1944), 144 Ohio St. 248. However, municipalities are authorized to enact local ordinances regulating intoxicating liquors provided that any local ordinance "shall not be `in conflict with the general laws.'" Cleveland v. Raffa (1968), 13 Ohio St.2d 112,114, quoting Struthers v. Sokol (1923), 108 Ohio St. 263.
To determine whether an actual conflict exists between the local ordinance and a general state law, "the test is whether the ordinance permits or licenses that which the statute forbids or prohibits, and vice versa." Fondessy Ent., Inc. v. Oregon (1986),23 Ohio St.3d 213, paragraph two of the syllabus. In relation to this case, the Ohio Supreme Court has stated that "[i]n the field of regulation and control of intoxicating liquor * * * the state must positively permit what the ordinance prohibits, or vice versa, regardless of the existence of extensive state regulation, before a conflict arises." Raffa at 114. Thus, to be considered in conflict with a general liquor control law, the local ordinance must directly contradict the general state law. Such is not the case here. Ordinance 096-49 outlines permissible locations for adult entertainment establishments within the city of Middletown, whereas Ohio Adm. Code 4301:1-1-52 prohibits certain sexually lewd conduct from occurring within establishments which are licensed to sell liquor. There is no direct conflict between this particular municipal ordinance and the general state law. Thus, Ordinance 096-49 is not preempted by a general state law. Appellant's first issue presented for review is without merit.
Under her second issue presented for review, appellant argues that the local ordinance is unconstitutional. Appellant argues that Ordinance 096-49 is vague and unenforceable because the terms "residential zone" and "single or multi-family dwelling" are not defined in the ordinance or within the local zoning code.
It is well-settled that the constitutionality of a zoning ordinance may be attacked in two ways. Karches v. City of Columbus (1988), 38 Ohio St.3d 12, paragraph one of the syllabus. An appeal from an administrative zoning decision can be taken pursuant to R.C. Chapter 2506, and in addition, or in the alternative, a declaratory judgment action pursuant to R.C. Chapter 2721 can be pursued. Id. Although it is true that either statutory vehicle may be used to bring a claim of unconstitutionality, the nature of the claim brought under each statute differs significantly. See Flair Corp. v. Brecksville (1976), 49 Ohio App.2d 77, 82. The Ohio Supreme Court has previously explained as follows:
 Although both an R.C. Chapter 2506 action and an R.C. Chapter 2717 declaratory judgment action seek the same result — elimination of an existing zoning regulation which precludes a proposed use of the property — any similarity between the two actions ends there.
 The R.C. Chapter 2506 appeal is a judicial review of a final administrative decision denying [a permit] to a property owner. The challenge is that a prohibition against a specific proposed use is unconstitutional; and the task of the trial court is to determine whether the prohibition against the specific proposed use has any reasonable relationship to the legitimate exercise of police power by the municipality. Thus the determination turns on the specific proposed use of the property.
 In contrast, a declaratory judgment action challenges the constitutionality of an existing zoning ordinance. The action does not call into issue the denial of the [permit] * * *. The overall constitutionality of a zoning ordinance as applied to a particular parcel of property is the central question. It may, but need not, involve a question as to the constitutionality of a prohibition against a specific proposed use. * * *.
 The distinction between the two actions is important because in an R.C. Chapter 2506 appeal, the trial court need not make an objective determination of the overall constitutionality of a zoning ordinance. It will view the constitutional issue only in light of the proposed specific use. If the court finds the restriction against the proposed use valid, its inquiry ends.
Karches at 15-16, citations omitted.
Thus, review by the court of common pleas under R.C. Chapter 2506 is very limited. The court must view the constitutional issue only in light of the proposed use, and though the zoning of the property may be constitutional when considering the proposed use, it may be unconstitutional in light of some other use. Flair,49 Ohio App. 2d at 84. However, since the nonproposed use would not be before the court, the court would not need to decide the constitutionality of the prohibition against that nonproposed use. Id.
To summarize, a constitutional challenge under a R.C. Chapter 2506 appeal is limited to a determination by the trial court of "whether the prohibition against a specific proposed use is constitutional." Id. at 82-83, citing Mobil Oil Corp. v. Rocky River (1974), 38 Ohio St.2d 23. To make this determination, the court of common pleas must decide "whether or not the prohibition against the proposed use has any reasonable relationship to the legitimate exercise of police power by the municipality." Flair at 83-84. In this case, appellant proposed to use her premises as an adult entertainment establishment, yet Becker denied appellant's permit. Thus, the issue for the court of common pleas to determine under this R.C. Chapter 2506 appeal was whether or not the denial of appellant's permit had any reasonable relationship to the legitimate exercise of police power by the city of Middletown.
However, in claiming unconstitutionality, appellant does not argue that the denial of her permit was not a valid use of the city's police power. Rather, appellant argues that the ordinance is unconstitutional because the language is vague. This amounts to a facial attack on the constitutionality of the ordinance which is not within the scope of a R.C. Chapter 2506 appeal. See Grossman v. City of Cleveland Heights (1997), 120 Ohio App.3d 435. Appellant is not alone in confusing the scope of constitutional review under R.C. Chapter 2506, indeed "[t]he appropriate method with which to challenge the constitutionality of an ordinance is confusing to litigants and courts alike." Id. at 439.
This limited review under R.C. Chapter 2506 is consistent with the plain language of each statute. R.C. 2506.04 states in part that "the court may find that the order, adjudication, or decision is unconstitutional * * *." Thus, the scope of review does not include a question as to the constitutionality of the ordinance itself, rather, the court is directed to consider only the constitutionality of the order, adjudication, or decision. It is the action of the administrative body, not the ordinance itself, which is reviewed by the court. Thus, R.C. Chapter 2506 involves only constitutional challenges to the ordinance "as applied." However, all "as applied" constitutional challenges do not necessarily fall within the ambit of R.C. Chapter 2506. Rather, the R.C. Chapter 2506 appeal addresses only one specific type of "as applied" challenge, namely, the claim that the prohibition against a specific proposed use is unconstitutional. See Flair,49 Ohio App.2d at 83-84.
Ohio's declaratory judgment statute, R.C. 2721.03, states that "[a]ny person * * * whose rights, status, or other legal relations are affected by a * * * municipal ordinance, * * * may have determined any question of construction or validity arising under such * * * ordinance * * * and obtain a declaration of rights, status, or other legal relations thereunder." Thus, a comparison of the plain language of each statute reveals that while a R.C. Chapter 2506 review is limited to only a determination of whether the order, adjudication, or decision is unconstitutional, a R.C. Chapter 2721 action may be brought to determine any question of constitutional validity arising under the ordinance. In this case, appellant failed to bring a declaratory judgment action which would have been tried originally in the trial court, thus establishing a reviewable record regarding the ordinance's constitutionality. Had she done so, she could have challenged the constitutionality of the ordinance either on its face or as applied to appellant's property by Becker's decision. See Grossman at 437.
Although these questions are not before us today, we note that a municipality is justified by its police power to enact zoning for the public welfare and safety, and that these powers need only bear a rational relation to the health, safety, morals or general welfare. Goldberg Cos., Inc. v. Richmond Hts. City Council (1998),81 Ohio St.3d 207, 213-14, citing Euclid v. Ambler Realty Co. (1926),272 U.S. 365. Further, sexually explicit dancing, which is not obscene, does enjoy a limited degree of protection under theFirst Amendment of the United States Constitution. Barnes v. Glen Theater, Inc. (1991), 501 U.S. 560, 111 S.Ct. 2456. However, such activity is subject to valid time, place, and manner restrictions. Renton v. Playtime Theaters, Inc. (1986), 475 U.S. 41,106 S.Ct. 925. Here, the court of common pleas stated that the issue of whether the ordinance is unconstitutional on its face, or whether the city has placed unreasonable limits on alternate channels of expression by the ordinance must be reviewed, if at all, in another case on another day. We find that the court of common pleas applied the appropriate standard of review when it found that Becker's decision was not "unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by a preponderance of substantial, reliable and probative evidence on the whole record." Appellant's second issue for review is without merit, and her assignment of error is hereby overruled. Judgment affirmed.
YOUNG, P.J., and KOEHLER, J. concur.