JOURNAL ENTRY AND OPINION
The Planning Commission for the City of North Olmsted appeals from a judgment of the Common Pleas Court that determined a zoning ordinance to be unconstitutional. North Olmsted complains the court erred by denying its motion to dismiss Daniel Biskind's administrative appeal, by conducting a consolidated trial, and in finding C.O.N.O. Chapter 1141 unconstitutional. For the reasons that follow, we affirm the trial court's decision.
Mr. Biskind and North Olmsted Land Holdings, Ltd. owned a twenty-five acre parcel of land situated on the north side of Brookpark Road between Columbia Road and Great Northern Boulevard ("Parcel E"). In 1988, through the cooperative efforts of the City of North Olmsted and Biskind, the City rezoned Parcel E from a single-family/multi-family classification to an office use only classification. Throughout the subsequent years, Biskind made repeated attempts to have Parcel E rezoned to permit retail use that the Planning Commission of North Olmsted and North Olmsted City Council rejected.
In 1993, the Cuyahoga County Planning Commission completed a study known as the "Master Plan" and recommended Parcel E be re-zoned to "Mixed Use." However, on February 11, 1997, the Planning Commission entertained further discussion on Mr. Biskind's proposed change of zoning, and declined to recommend the proposed change to North Olmsted City Counsel. Thereafter, Mr. Biskind filed Case No. 330597, an administrative appeal, pursuant to R.C. 2506.01, and a week later filed a declaratory judgment action in Case No. 330969 arguing application of the zoning law was unconstitutional and/or constituted a taking of his property without just compensation.
The cases were consolidated for the purposes of trial. Mr. Biskind subsequently moved to bifurcate the issues of constitutionality from the takings claim. Thereafter, the case proceeded to trial on the issue of constitutionality. The parties submitted post-trial briefs in lieu of closing argument. On January 6, 2000, the court determined the zoning ordinance to be unconstitutional and remanded the case to the Planning Commission of the City of North Olmsted and encouraged re-zoning the area to "Mixed Use" pursuant to the recommendation of Cuyahoga County Planning Commission. From this order, the City appeals and raises three assignments of error. They state:
 I. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' R.C. § 2506 ADMINISTRATIVE APPEAL.
 II. THE TRIAL COURT ERRED IN CONDUCTING A CONSOLIDATED TRIAL OF THE R.C. § 2506 ADMINISTRATIVE APPEAL AND THE DECLARATORY JUDGMENT ACTION.
 III. THE TRIAL COURT ERRED IN DENYING DEFENDANTS' MOTION FOR INVOLUNTARY DISMISSAL DURING TRIAL, AND ENTERING FINAL JUDGMENT FINDING C.O.N.O. CHAPTER 1141 UNCONSTITUTIONAL AS APPLIED TO PLAINTIFF'S LAND.
We first examine whether the court's decision relating to the declaratory judgment would stand independent of the alleged errors arising from the administrative appeal. If so, this would focus our review to the third assignment of error. See App.R. 12(A)(1)(c). As established by the Ohio Supreme Court:
 [t]he constitutionality of a zoning ordinance may be attacked in two ways. An appeal from an administrative zoning decision can be taken pursuant to R.C. Chapter 2506. In addition, or in the alternative, a declaratory judgment action pursuant to R.C. Chapter 2721 can be pursued. (Driscoll v. Austintown Associates [1975], 42 Ohio St.2d 263, 71 0.0. 2d 247, 328 N.E.2d 395, approved, followed and explained.)
Karches v. Cincinnati (1988), 38 Ohio St.3d 12, paragraph 1 of the syllabus.
This court has long recognized that "[e]ither a declaratory judgment action under R.C. Chapter 2721 or an appeal under R.C. Chapter 2506 may challenge the validity of a zoning ordinance." Flair Corp. v.Brecksville (1976), 49 Ohio App.2d 77, 82. It is equally well-settled law in Ohio that while a constitutional attack under a R.C. 2506 administrative appeal is limited to determining whether a particular proscribed use is unconstitutional, in "a constitutional attack by way of a declaratory judgment action, however, the issues to be determined mayor may not be so limited." Id. at 83 (emphasis added); accord, Karches,38 Ohio St.3d at 16 ("[i]t may, but need not, involve a question as to the constitutionality of a prohibition against a specific proposed use.")
In other words, the broader alternative of the declaratory judgment action is not limited to, but could include, an analysis of the specific proscribed use that may also happen to be subject to the alternative or additional remedy of an administrative appeal under R.C. Chapter 2506. As previously noted by this Court, a litigant may chose to pursue either or both of these remedies. Iannarelli v. Village of Chagrin Falls (Aug. 27, 1981), Cuyahoga App. No. 43178, unreported, citing Flair Corp. v.Brecksville (1976), 49 Ohio App.2d 77. This Court notes that it is permissible to file two separate actions but "more common for a party to set forth both actions in a single case." Id.
While Biskind advanced constitutional attacks on the zoning ordinance through both an administrative appeal and a declaratory judgment action, filing only the declaratory judgment action would have accomplished the same purpose. This is because Biskind's complaint for declaratory judgment sought not only a finding that the zoning of Parcel E for office use only was unconstitutional (Count III), but also sought a finding that the proscription of the requested retail use was also unconstitutional (Count II). Accordingly, we move directly to the third assignment of error. See App.R. 12(A)(1)(c).
The City argues that the zoning ordinance is constitutional as applied to Parcel E. Mr. Biskind maintains the court correctly determined the zoning, as applied to this particular parcel, is unreasonable and arbitrary. We agree with Mr. Biskind.
A declaratory judgment action "lies when a party challenges a zoning ordinance as it applies to a specific parcel of property to proscribe the owner's proposed use of the property." Karches, 38 Ohio St.3d at 16
(other citations omitted). Zoning resolutions are presumed constitutional unless the court determines that it is clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community. Goldberg Cos., Inc. v. Richmond Hts.City Council (1998), 81 Ohio St.3d 207. The party challenging the zoning has the burden of demonstrating its unconstitutionality beyond fair debate. Id.
Based upon the evidence presented, the court determined that it was beyond fair debate that the City's zoning of Parcel E for office use only was arbitrary, unreasonable and not substantially related to the public health, safety, morals, or general welfare of the community. We are guided by the Ohio Supreme Court's application of the following standard in reviewing a lower court's judgment concerning the constitutionality of a zoning ordinance:
 [J]udgments supported by competent, credible evidence going to all the material elements of the case must not be reversed, as being against the manifest weight of the evidence, C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 8 0.0. 3d 261, 376 N.E.2d 578. Every reasonable presumption must be made in favor of the judgment and the findings of fact. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. Finally, if the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment. Seasons Coal Co., supra; (other citation omitted).
Karches, 38 Ohio St.3d at 19; accord Shemo v. Mayfield Hts. (2000),88 Ohio St.3d 7, 10.
The court's judgment is supported by testimony and evidence in the record including the Cuyahoga County Planning Commission's recommendation to rezone Parcel E to mixed use. Likewise, the record contains evidence that the zoning of Parcel E does not substantially relate to the government interests advanced by the City for reasons including the fact that retail areas abut residential areas throughout the City; the anticipated traffic for proscribed uses would not differ significantly from the permitted office use; there has been no success in attracting tenants to locate office space on Parcel E for many years; and this is the only parcel in the City limited to office use only. The trial court was free to reject testimony that the permitted office use substantially relates to the asserted governmental interests in favor of the contradictory evidence presented at trial. See Goldberg,88 Ohio St.3d at 12-13.
After making this initial determination of constitutionality, the court properly addressed whether the proposed retail use was reasonable. Id. It was appropriate for the trial court to determine reasonable uses and remand for rezoning "in order to avoid leaving the property in an unzoned classification." Flair, 49 Ohio App.2d at 85.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for these appeals.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and ANNE L. KILBANE, J., CONCUR.