OPINION
{¶ 1} Plaintiff-Appellant, American Outdoor Advertising Company ("American"), appeals a Union County Common Pleas Court judgment, dismissing American's request for a declaratory judgment. American claims the trial court erred in holding that it lacked jurisdiction to entertain a declaratory judgment action in this matter. Because we find that all of the issues American seeks to raise through declaratory judgment either were or should have been raised at an earlier hearing, we affirm the decision of the trial court.
 {¶ 2} Around April 13, 2001, American entered into a ten-year lease on a portion of land abutting U.S. Route 33 in Plain City, Ohio. American intended to use the lease to erect an advertising billboard in excess of one hundred square feet. Thereafter, American received a permit from the Ohio Department of Transportation ("ODOT") allowing construction of the billboard with a twenty-five foot setback from the highway. The permit from ODOT, however, was conditioned upon any additional restrictions from local authorities.
 {¶ 3} Accordingly, American sought a building permit from the Jerome Township Zoning Inspector to construct the billboard twenty-five feet from the highway. American's permit was denied because the Jerome Township zoning resolution sets two hundred feet as the minimum setback from U.S. Route 33 for a billboard the size American sought to erect. In response, American petitioned the Jerome Township Board of Zoning Appeals ("BZA") for a variance that would allow construction of the billboard with a fifty foot setback instead of the initially requested setback of twenty-five feet. American claimed that without a variance, proposed buildings surrounding the area would block the billboard from view on U.S. Route 33. After a public hearing, the BZA denied American's request on March 14, 2002.
 {¶ 4} American appealed the BZA's decision to the Union County Common Pleas Court. On December 2, 2002, the trial court affirmed the decision, finding that it was supported by a preponderance of the evidence. American then appealed the trial court's decision to this court, and we affirmed the trial court in In re American Outdoor Advertising, LLC, 3rd Dist. No. 14-02-27, 2003-Ohio-1820 ("American Outdoor I").
 {¶ 5} During the time its administrative appeal was being heard, American filed a declaratory judgment action with the trial court. The declaratory judgment action sought a declaration that the Jerome Township zoning resolution mandating a two hundred foot setback from U.S. route 33 violated both Ohio statutory law and ODOT regulations. On January 27, 2003, the trial court denied American's declaratory judgment motion, finding that American had failed to prove speedy relief was necessary to preserve rights that may otherwise be impaired or lost. American appeals from this judgment presenting three assignments of error for our review.
 Assignment of Error I The trial court erred in holding that it did not havejurisdiction because Appellant did not meet the third branch fora proper request for a declaratory judgment as announced inFreedom Road Foundation v. Ohio Dept. of Liquor Control (1997),80 Ohio St.3d 202, that speedy relief must be shown to benecessary to preserve rights that may otherwise be impaired orlost.
 {¶ 6} In its first assignment of error, American contends that the trial court improperly dismissed the declaratory judgment action for lack of jurisdiction. It asserts that the evidence before the trial court was sufficient to satisfy the three prong jurisdictional test established for declaratory judgment actions. Because we find that the issues American attempted to raise in its declaratory judgment action should have been properly dismissed on the basis of res judicata, we do not address the merits of American's first assignment of error.
 {¶ 7} The doctrine of res judicata establishes that, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, syllabus. The final judgment is conclusive as to all issues which either were or could have been raised in the previous lawsuit. Id at 382, quoting Rogers v. Whitehall (1986),25 Ohio St.3d 67, 69; State v. Houston (1995), 73 Ohio St.3d 346,347; see, also, State v. Perry (1967), 10 Ohio St.2d 175,180-181. Res judicata applies to decisions made by the BZA.Clinton Tp. Bd. of Trustees v. Yackee, 6th Dist. No. F-03-001, 2003-Ohio-5180, at ¶ 18, citing Grava,73 Ohio St.3d at 383.
 {¶ 8} Herein, Defendant-Appellee, the Jerome Township Board of Trustees, argues that the issues American raised in its declaratory judgment action were the same as those already ruled on by the trial court in American Outdoor I. This argument, however, fails to recognize: (1) the differing roles of the Common Pleas Court in administrative appeals as opposed to declaratory judgment actions, and (2) the differing nature of the issues raised in each action.
 {¶ 9} "In an appeal under R.C. Chapter 2506, the [trial] court sits in appellate review of the board's decision as to the issue of variance sought by the moving party." Sudan, Inc. v.Chagrin Falls (1989), 63 Ohio App.3d 83, 89, citingWarrensville Ctr., Inc. v. Warrensville Hts. (1984),20 Ohio App.3d 220, 222. In such an appeal, the trial court's only duty is to determine whether the administrative record contains a preponderance of reliable evidence to support the board's decision. American Outdoor I, at ¶ 5 (citations omitted). In contrast, the trial court in a declaratory judgment action hears the issues de novo and decides the applicability of a statute or resolution. Sudan, 63 Ohio App.3d at 89, citing, SMC, Inc. v.Laudi (1975), 44 Ohio App.2d 325, 330; McCreery v. BrecksvilleBd. of Zoning (Dec. 27, 1984), 8th Dist. App. No. 48396, unreported.
 {¶ 10} In American Outdoor I, the trial court was considering, on appeal, the adequacy of the evidence supporting the denial of American's request for a zoning variance. In the present case, the trial court conducted a de novo consideration of whether the Jerome Township zoning resolution was in conflict with state statutes and regulations. The trial court's consideration in American Outdoor I was limited to the sufficiency of the evidence supporting the BZA's decision; whereas, in the current case, the trial court was asked to determine the validity of the township resolution itself. The issues before the court in each case, and the manner in which they were addressed by the court, were entirely different.
 {¶ 11} However, res judicata also arises from issues that could have been raised at an earlier hearing. The validity of the Jerome Township zoning resolution could not have been raised before the BZA because zoning boards are without authority to rule on the general validity and constitutionality of zoning resolutions. Armrose v. King Quarries, Inc. (Mar. 11, 1982), 5th Dist. No. CA-81-3, unreported. But the validity or constitutionality of a zoning ordinance can be directly challenged in a R.C. 2506 administrative appeal. SMC, Inc. v.Laudi (1975), 44 Ohio App.2d 325, 329, citing State ex rel.Sibarco Corp. v. Berea (1966), 7 Ohio St.2d 85, 91; Mobil OilCorp. v. Rocky River (1974), 38 Ohio St.2d 23, 26. "Nothing can be gained by requiring a litigant to file an appeal in order to challenge a determination on hardship or variance and then file a separate action in declaratory judgment in order to raise the validity of the zoning ordinance." Id.
 {¶ 12} Therefore, American could have challenged the validity of the Jerome Township zoning ordinance at its R.C. 2506 appeal. The declaratory judgment action could have been consolidated under Civ. R. 42(A) with American's R.C. 2506 appeal, but there is no indication in the record that such an action was ever requested. SMC, Inc., 44 Ohio App.2d at 329. Because the issues presented in American's declaratory judgment action could have been raised in American's R.C. 2506 appeal, the doctrine of res judicata prevents those issues from being heard now. This is not an unfair result as American had an opportunity to raise these issues in previous appellate appearances, but failed to do so. Accordingly, we overrule American's first assignment of error and affirm the decision of the trial court.
 Assignment of Error II Townships and township trustees are creatures of statute and,therefore, only have the powers and duties conferred upon them bythe Ohio Revised Code.
 Assignment of Error III When a local regulation is in conflict with a state statute,the state statute preempts the local regulation.
 {¶ 13} American's second and third assignments of error address the underlying merits of the declaratory judgment. However, based upon the reasoning in the first assignment of error, these issues should have been properly addressed in the R.C. 2506 appeal in American Outdoor I. Therefore, we overrule American's second and third assignments of error and affirm the decision of the trial court.
 {¶ 14} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J., and Bryant, J., concur.