{¶ 23} I concur in the decision to affirm the ruling of the Portage County Common Pleas Court, but for a different reason. Appellant's assignments of error are precluded by the doctrines of failure to exhaust administrative remedies and res judicata.
 {¶ 24} Appellant applied for a variance regarding the fence at issue herein. The Hiram Township Board of Zoning Appeals denied that application. Appellant did not appeal that denial to the court of common pleas under R.C. Chapters 2505 and 2506. Appellant's failure to appeal the denial of her variance precluded future litigation of this issue. See, e.g., SouthridgeCivil Assn. v. Parma, 8th Dist. No. 80230, 2002-Ohio-2748, at ¶ 15, quoting Schomaeker v. First Natl. Bank of Ottawa (1981),66 Ohio St.2d 304, at paragraph three of the syllabus ("A person entitled under R.C. Chapter 2506 to appeal the order of a planning commission granting a variance pursuant to a village ordinance is not entitled to a declaratory judgment where failure to exhaust administrative remedies is asserted and maintained.").
 {¶ 25} Here, appellant was entitled to appeal the board of zoning appeals' decision denying her variance request. By failing to appeal that decision, appellant failed to exhaust her administrative remedies. Id. Appellees properly raised this issue in their answer.
 {¶ 26} The doctrine of res judicata provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."Grava v. Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, at syllabus. "[A]n existing final judgment or decree between the parties to litigation is conclusive as to all claims which wereor might have been litigated in a first lawsuit." Id., quotingRogers v. Whitehall (1986), 25 Ohio St.3d 67, 69 (emphasis sic). The doctrine of res judicata applies to proceedings before a board of zoning appeals. State ex rel. Casale v. McLean
(1991), 58 Ohio St.3d 163, 165 (citation omitted).
 {¶ 27} Appellant's challenges to the township's zoning ordinance should have been raised in an administrative appeal to the court of common pleas pursuant to R.C. 2506.
 {¶ 28} "Thus, the doctrine of res judicata applies to bar a constitutional challenge to a zoning ordinance in an injunction action if it was not raised in an [sic] R.C. 2506 appeal from a decision of the board of zoning appeals." Prairie Twp. Bd. ofTrustees v. Ross, 10th Dist. No. 03AP-509, 2004-Ohio-838, at ¶ 15 (citation omitted) (applying res judicata to appellant's claim the township zoning ordinance violated R.C. 519.21); AmericanOutdoor Advertising Co., LLC v. Jerome Twp. Bd. of Trustees, 3rd Dist. No. 14-03-06, 2004-Ohio-2058, at ¶ 12; Clinton Twp. Bd. ofTrustees v. Yackee, 6th Dist. No. F-03-001, 2003-Ohio-5180, at ¶ 22.
 {¶ 29} Accordingly, appellant's appeal is not well taken. The decision of the Portage County Court of Common Pleas should be affirmed.